Case 2:00-cv-00013 Document 4 Filed in TXSD on 01/14/2000 Page 1 of 17

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED
JAN 14 2000
MICHAEL N. MILBY CLERK

JOSE MANUEL TREJO
PETITIONER, *
*
VS. DOCKET NO. C-00 013
*
GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL *
JUSTICE, INSTITUTIONAL-DIVISION
*

SEPARATE MEMORANDUM, BRIEF AND ARGUMENT
IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, JOSE MANUEL TREJO, Petitioner herein, pro-se, and respectfully submits this his SEPARATE MEMORANDUM, BRIEF AND ARGUMENT IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS, pursuant to 28 U.S.C. 2241-2254. In support hereof, petitioner would respectfully show this Honorable Court as follows:

1
JURISDICTION

This court has jurisdiction herein, to entertain this instument pursant to 28 U.S.C., 2241-2254, Federal Rules of Civil Procedure governing 2254 cases, and, petitioner has exhausted all adequate and currently available State remedies.

4.

ClibPDF - www.fastio.com

11

## CONSTITUTIONAL AND STATUTORY PROVISION INVOLVED

This case involves the Sixth and Fourteenth Amendments of the United States Constitution; Article 1, section 10 and 19 of the Texas Constitution, providing that petitioner must be accorded Effective Assistance of Counsel, and that he be provided with Due Process of Law, when being charged with a Felony Offense against the Law of Texas and the United States.

111

## FACTS OF THE CASE

Petitioner was charged by indictment for ' POSSESION OF FIRE-ARM BY FELONY ' and ' HIBITUAL FELONY OFFENDER '. Petitioner's entered a Plea of not Guilty to the offense charge. A Jury Trail was requested, the jury found defendant guilty of Possesion of Fire-Arm by Felony and guilty that defendant was aTwice convicted felon, and sentence petitioner under the Recidivist Statute (V.T.C.A.), Penal Code 12.42 (D), to a term of Sixty(60) years in the Texas Department of Criminal Justice, Institutional-Division(T.D.C.J.-I.D.)

Petitioner will point-out this case was to be Appealed, but due to a Plea Bargain Agreement on another cause, this Appeal had to be waive and dismiss, that was part of the State's Agreement for cause no.90-CR-1818-E to be dismiss, not to be Appealed. However, petitioner later acknowledge through other person's that the Plea Bargain Agreement that had been made with the State of Texas, is VOID, and by the Law's of Texas and Statute's it cannot be performed as stated. Thus by counsel's erroneous advice the petitioner DROPPED his requested Appeal on this cause.

ClibPDF - www.fastio.com

This is Petitioner's main and only reason He is attacking this void conviction at this late-date, in that, by counsel ERRONEOUS - ADVICE Petitioner entered into a VOID-CONTRACT (i.e.,plea bargain agreement) with the State, He was DENIED his State and Federal Constitutional Right's to have his case Appeal, as that was his intention from the very beginning to Appeal cause No. 90-CR-1818-E, but due to ineffect representation, and States misleading agreement that cannot be Legally perform on another cause, petitioner DROPPED/WAIVED his right to appea this Case.

Petitioner contends, had the DISMISSAL of the Appeal in this cause been under a VALID Plea-Bargain-Agreement, petitioner would not of file this Petition at this late-date. Petitioner would of kept his part of the agreement,however, under a void-agreement I was ask to Dismiss/Drop my Appeal that I already had on record that I-DID want to Appeal. This can and will be VERIFY by the Attorney, MR. JAMES LAWRENCE who was appointed by the trial court to represent petitioner on his requested Appeal on cause no.90-CR-1818-E before He was misleaded to enter into an illegal Plea-Bargain- Agreement.

Further petitioner will point-out District Attorney's Office, that is, Mr. Andrew L. Quittner in his answer to the petitioner's Writ, a under Oath, I say under Oath believing He took an OATH to be Truthful and to seek Justice in all matter's and to all people. Mr.Quittner stated in his answer, that I had already Filed Three(3) WRIT-PETITION' on this cause, this, his answer is not True, further Mr. Quittner did attacked another cause no.90-CR-1820-E, to his answer to this FIRST WRIT Filed in this case, to mislead the Trial Judge, Texas Court of Criminal Appeal's that this allegation's HAD already been Ruled and DENIED, this is certianly not true and very misleading, and by this

ClibPDF - www.fastio.com

misleading answer to petitioner's Writ No.90-CR-1818-E, that cliam argument's had been Ruled & Denied already, the court would not review petitioner's allegations, relying in the State's answer. This Court should NOTE, this first petition on this allegation's were Denied by the Court's with-out any cited authority by the State of Texas to dispute petitioner's argument's.

Petitioner alleges and contends that He was Denied the Effective Assistance of Counsel; that He WAIVED his Right's to an Appeal, cause No.90-CR-1818-E under a void Plea-Bargain-Agreement/Contract, it is absolutely clear, that the Dismissal of petitioner's Appeal was unde a void plea-agreement, in that Plea as stated can-not Legally be perform as it was agree too.And by being mislead to enter into a Void-Plea the petitioner's DROPPED his Appeal under a Void-Contract/Plea Bargain Agreement in clear Violation of Due Process of Law, and,FAIRness, United States Constitutional Amendment SIXTH (6), FOURTEENTH (14 Texas Constitution Artical 1, sec.19.

Petitioner respectfully ask this Honorable Court, since Petitioner was misleaded into Droppings His Appeal, to at least let his Petition be heard at this time, or at the very least to Recomment that Petitior is ENTITLED to Appeal His Conviction, as Hehad previously requested,

THIS I ASK IN THE NAME OF JESUS CHRIST...

ClibPDF - www.fastio.com

1V.

ARGUMENT IN SUPPORT TO GRANTING
WRIT OF HABEAS CORPUS

ARGUMENT ALLEGATION NO. 1: The Felony Information in cause No. Un known, See the Exhibit (2),that was used to Elevate the Charge, and used as an ELEMENT of the offense in cause No.90-CR-1818-E. This Faulty-Information, Prior Conviction was plead by the Defendant as "NOT-TRUE". This Court is aware that a 'FUNDAMENTAL DEFECTIVE INFORmation', under the FORMER TEXAS CODE CRIMINAL PROCEDURE ARTICLE 14.08 (prior conviction 1973) is void and Trial Court Lacked Jurisdiction, and conviction is therefore Void, and may not be used to increase the Charge to a Third Degree Felony. When a Trail Court renders a Judgmen but lacks Jurisdiction to render a particular Judgment, the judgment is void HOANG-V-STaTe, 872 s.w.2d 694-98 (Tex.Crim.App. 1993) cert. denied__U.S.__, 115 S.ct.177,180 L.Ed 2d 112 (1994); Adams-V-State, 872 s.w.2d 31-33(Tex.App.-Dallas 1992) no pet. The Rule that a petitioner may challenge a 'FUNDAMENTAL DEFECTIVE INFORMATION'by way of post-conviction petition is Valid.

Under the FORMER PENAL CODE ART. 14.08, failure to allege who was the real 'OWNER' of the property allegely taken was, but, which did aleged "OWNER-SHIP" in person who 'POSSESSED' pooperty, is FUNDAMENTAL DEFECTIVE. See Ex Parte Jones, 542 s.w.2d 179 (Tex. Crim. App.1976); a case on point to the instant case herein. In Jones supra, the indictment for Robbery by Assault, which failed to allege OWNERSHIP of the property taken was, but which did allege owner-ship in person who "POSSESSED" property, as in the instant case, was held FUNDAMENTALLY-DEFECTIVE, and, thereforee void. Also see Roberts-V-State, 513 s.w.2d 870(CR.APP.1974) when one person is alleged to own property, but i shown to be OWNED BY ANOTHER or BY A CORPORATION, the State has FA to prove the ownership as alleged in Felony Theft indictment/informat Pittman-V-State,532 s.w.2d 27 (CR.APP.1976). The information in the instant case alleges Owner-ship in person who 'POSSESSED' property only, i.e., Rodolfo Galvan, who was an Employee for MAVERICK MARKET

the real owner, which wasnot alleged(Mr. Erich Wendl) was the owner, See again Robert-V-State, supra, therefore said Prior Conviction is void and could-not be used to Elevate the offense charge on No. 90-CR-1818E, and petitioner is entitled to Habeas Corpus RELIEF accor- ingly; Ex Parte Jones, supra, see also Batro-V-State, 531 s.w.2d 61 ( Tex.Crim.APP.1975); Arline-V-State, 529 s.w.2d 73 (Tex.Crim.App.197 and Lucero-V-State, 502 s.w.2d 128 (Tex.Crim.App.1973). See enclose Exhibit(2) on State's petition. the felony information petitioner was convicted for was under, the than FORMER PENAL CODE 14.08,V.A.P.C.(19

> " information failed to allege "OWNERSHIP ofPROPERTY" (i.e., Mr. Erich Wendl) which was a REQUIRED neccessar Element under the FORMER PENAL CODE."

Herein the instant case it is abundantly clear as reflected by the Record, i.e., Exhibit(2), that the felony information is FUNDAMENTALL DEFECTIVE, and was UN-AVAILABLE to be used as an "ELEMENT" of the of- fense in cause No.90-CR-1818-E. Therefore, petitioner is entitled to HABEAS CORPUS Relief Accordingly; Ex Parte Jones, supra; Pittman-V-St and Robert-V-State, supra.

V.

## ARGUMENT IN SUPPORT TO GRANTING WRIT OF HABEAS CORPUS

ARGUMENT ALLEGATION NO. 2: Petitioner allege and contends that the Prior Conviction 'USED' for enhancement cause No.86-CR-1315-G, obtained in the 319th JUDICIAL DISTRICT COURT, NUECES COUNTY, TEXAS is VOID in that, the Court;s JURY CHARGE/INSTRUCTION's are FUNDAMENTA DEFECTIVE and ERRONEOUS, in Violation of 'due process of law '. The should be but One controlling application of the Law to the F A C T'S and that application should come from the Court, it's absence impairs the "RIGHT TO A TRIAL BY JURY", and therefore by definition, is "CALCULATED" to injure the'Right's of the Defendant to a Jury Trial'; ART. 36.19, V.A.C.C.P.,. This Rule of Evidence and Procedure are de- signed to provide Fair Trials to ALL-Accused...Prior Conviction No.8

ClibPDF - www.fastio.com

CR-1315-G could-not and should had-not been USED for enhancement purposes. In essence petitioner allege and contends that the JURY CHARGE, INSTUCTION were FUNDAMENTALLY-DEFECTIVE the Trial Court ERRED when it Failed to apply the " LAW OF PARTIES " to the facts of the case, and law of parties " HAD TO BE INCORPORATED WITHIN THE APPLICATION PARAGRAPH OF JURY CHARGE ", which was-not in the instant cause No.86-CR-1315G but, even though abstract version of Jury Charge defined law of parties, V.T.C.A.,PENAL CODE 7.01, 7.02 (A)(2). See BIGGINS-V-STATE, 824 s.w.2d 179 (Tex.Crim.App.1990); HADDEN-V-STATE, 829 s.w.2d 838 (Tex.App. 13-DIST.1993) to prove BURGLARY OF HABITATION OFFENSE the STATE " M U S T " establish that defendant ' ENTER ' the Habitation to commit a Felony tHEFT, ( AN ESSENTIAL ELEMENT OF THE OFFENSE OF BURGLARY OF A HABITATION). Throughout said Trial, the STATE'S theory was that defendant(i.e., JOSE M. TREJO,) Aided and Assisted (CRUZ VEL alleging defendant was the DRIVEROF CAR. See Exhibit (5)(A) and (S.F. P.188 lines 15-17); also (S.F. P. 193 lines-3). Further see Exhibit(5- P. 213, lines 2-----17 of S.F.) However, the Jury was Charged that 'TREJO' was the PRIMARY-ACTOR, all contrary to the Evidence submitted by the STATE OF TEXAS at PETITIONER'S Trial, the Defendant entered a Plea of "NOT-GUILTY"! Now see Exhibit(4), the COURT'S CHARGE to JURY in the Application-Paragraph No. 6. alleges:

> " Now, if you believe from the evidence beyond a reasonable doubt that on are about August 18, 1986, in Nueces County Texas JOSE M. TERJO did then and there with the intent to commit theft enter a habitation owned by J.K. ADKINS, without His Effective consent then you will find the Defenant JOSE M. TERJO guilty of burglary of a habitation, unless you so find beyond a reasonable doubt thereof, you will Acquit the defendant."

As alleged throughout the Trial 'TREJO' was the allege DRIVER of the Car, the above Application Paragraph Charges the defendant as the sole Primary-Actor, and the Jury found defendant guilty of the offense, all contrary to the submitted Evidence by theSTATE; See Exhibit (5-A) and Exhibit (5-B) S.F. P. 190, lines 5 & 6);

" HE DID ENTER UNDER THE LAW OF PARTIES."

ClibPDF - www.fastio.com

Therein,the abstract definition in No.9 alleges criminal responsibility as a party to an offense, if the offense is committed by his (OWN) conduct; by the conduct of another for which he is criminal responsible; or, by both. However, the LAW OF PARTIES 'MUST' BE INCORPORATED WITHIN THE APPLICATION PARAGRAPH OF JURY CHARGE,in order to convict petitioner; See BIGGIN-V-STATE, supra; HADDEN-V-STATE,supra; DAVIS-V-STATE, 722 s.w.2d 567 (TEX,CRIM.APP.1988); holding that it was Fundamental-Error to give Charge worded abstractedly, i.e., a Charge which did not apply the law to the fact's, further an'objec ion' was made to Trial Court's Charge for Clarification, See Exhibit (5-B) S.F. p. 213 lines 9----17). Because the law of parties was-not incorporated in the Charge Application Paragraph, DENIED Defendant of 'A FAIR and IMPARTIAL Trial' secured by Texas and United States Const tutional Right's.

The charge in cause No.86-CR-1315-G is in direct violation of ART. 36.14; 36.19 of V.A.C.C.P., and therefore, is'Void' and UN-AVAILABLE for Enhancement purposes. This ERRORin the Jury Charge was the subjec of a ' Timely-Objection ' (S.F. p. 213, 9---14) in time of Trial,this error is calculated to injure the Right's of Defendant. Therefore,by Law the Void Prior could-not and should have-not been used to enhance punishment on cause No.90-CR-1818-E, as this COURT is aware a"FUNDAMENTAL ERROR in a JURY CHARGE is presented where it goes to the very basis of the case by Failing to state and apply the Law under which t Defendant is prosecuted, a Shift in the burden of proof of an 'Essential Element' of the Crime rises to Constitutional proportion and renders the Trial Fundamentally Unfair. TEXAS CONST. ART.1, 10; and U.S.C.A. AMENDS 5, 14.

In the instant case there is" NO-EVIDENCE " to prove beyond a reasonable doubt that (TREJO) E N T E R the Habitation owned byJ.K.ADKI as alleged in the Application Paragraph to the JURY, See again (S.F. p 190, line 5-6) Exhibit(5-a)...he did enter under the law of parties., as noted; the law of parties was-not incorporated in the Application Paragraph A N D the Application Charge is what gives the JURY the Authority to Convict or to Acquit, proof beyond a reasonable doubt i. Essential under the ' DUE PROCESS CLAUSE ' of the FOURTEENTH AMENDME (14),

In RE WINSHIP, 397 U.S. 358, 90 S.ct. 1068, 35 L.Ed. 2d 368 (1970)

> " When such a conviction (obtained even when no ratio al trier of facts could have found guilt beyond a re sonable doubt) occurs in a State Trial, it cannot constitutionally stand."

See also JACKSON-V-VIRGINIA, 443 U.S. 307, 99 S.ct. 2788-2789, 61 L.Ed 2d 560(1979); Ajury cannot be allowed to infer that the defendan acted with the intent to promote or assist in the commision of the offense by, soliciting, encourage, directing, aiding, or attemting to aid another person in its commission, becayse that ' ELEMENT ' must be proved beyond a reasonable doubt . Habeas Corpus is appropriate method to collaterally attack jury charge/imstructions; CUPP-V-NAUGHT U.S. 141, S.ct. 396( 1973); EX PARTE COLEMAN, 574 s.w.2d 164 (Tex.Cri App.1978). A conviction pursuant to a defective-instructions is subje to collateral attack for reason that the Judgment of conviction obti ed in'Violation of due process of Law' is Void, for Trial Court's didn have Jurisdiction to enter a Judgment; HOANG-V-STATE, 872 s.w.2d 694 (Tex.App.1993). Even though abstract instructions were given, However, " mere juxtaposition " does not amount to authorization to convict on the law of parties. Failure of the Charge to apply the law to the fact in this case calculated to injure the Right's of defendant to aTrial by JURY, it deprived defendant of a neutral and unbiased Application of Law. Had the Court of Appeals which is the Final Arbiter review if there was 'ERROR' of omission or commission in the Jury Charge when case was first Appealed it would had found that 'error' exist and it denied the defendant from recieving A-FAIR and IMPARTIAL Trial, it wa the Court's - Legal -Duty not to let FUNDAMENTAL-ERROR in a Charge go unnoticed, ART. 36.19 V.A.C.C.P., and ART. 5, sec. 5/ TEXAS CONSTITUTIC It has been the Law of the STATE, A FUNDAMENTAL ERROR cannot be WAIVE

VI.

## ARGUMENT IN SUPPORT TO GRANTING WRIT OF HABEAS CORPUS

ARGUMENT ALLEGATION NO. 3: Petitioner contends that the STATE OF TEXAS ' Evidence ' concerning IDENTITY OF DEFENDANT in Prior Convic-

ClibPDF - www.fastio.com

tion No.15715 raises the issue of the LESSER-INCLUDED-OFFENSE Instruction, YEAGER-V-STATE, 737 s.w.2d 953. The indictment No. 90-CR-1818-E Charges petitioner (JOSE M. TERJO) with being a convicted Felon by virtue of cause No. 15715 ROBBERY BY ASSAULT, in the 105th District Court in Nueces County, Texas (no Date when conviction was committed) The only proof of the Pen-Packet shows that conviction was in Nueces County, Texas, in the 105th District Court, a Felony-Information was included in the packet, However, INFORMATION does-not bear a cause No. to correspond with INDICTMENT as to being for cause No.15715 . A pr 'MOTION' was Filed om NOVEMBER 13,1990, to set aside the Indictment No.90-CR-1818-E See Exhibit (6). From the above Affirmative-Evidence and the appearance of the defendant before Jury, it might well have belie Pen-Packet No.15715 did-not agree with ALL of the STATE'S allegation of the indictment,as to being that same person shown by the pen-packe to have been convited. Whether or not the Petitioner was a convicted Felon was the 'single-element' that would Elevate the Offense of "POSSESSION OF FIREARM BY FELON" to a lesser charge of "UNLAWFULLY CARRYING A WEAPON". Trial Court 'ERRED' in REJECTING the Requested Lesser Included Offense instructions. Herein, if the petitioner was not the sa person of the subject pen-packet, then he could be guilty of a LESSER included offense of "UNLAWFULLY CARRYING A WEAPON". See BELL-V-STATE, 693 s.w.2d 434(Tex.Crim.App.1985), that Court concluded it was 'ERROR for the trial court to R E F U S E the requested Charge. The Jury wa LEFT without no-alternative but to convict for the GREATER OFFENSE or ACQUIT. Petitioner plead 'NOT-GUILTY' to the offense charge, in that indictment No.90-CR-1818-E, does-not allege when the Prior Conviction was committed. The petitioner's own Testimony is Evidence, and it rise the issue of a Lesser included offense charge; and Requested charge 'MUST' had been submitted to the Jury,(the trier of fact's), as it wa properly Requested. In HUNTER-V-STATE, 657 s.w.2d 657 (Tex.Crim.App. 1983); that Court stated ' than it is the Jury Duty under the prope instruction to dertermine whether the Evidence is Credible and Support the Lesser Offense. As stated above the petitioner's own Testimony raised the issue of a Lesser included offense and surely the petitione Plea of 'NOT-GUILTY' to the Charge raise the issue of a Lesser Offense Instruction. Trial Court 'erred' in DENYING the petitioner a JURY-TRI on the guilt and innocent phase of the Trial -- Depriving Defendant o

A FAIR and IMPARTIAL TRIAL secured to ALL-ACCUSE by Texas Constitutio ART. 1, sec. 10; and the United States Constitution Amendment (14).

V11.

ARGUMENT IN SUPPORT TO GRANTING
WRIT OF HABEAS CORPUS

ARGUMENT ALLEGATION NO. 4. It is FUNDAMENTAL that an accuse in a Criminal proceeding is entitled to Effective Assistance of Counsel under ART. 1, sec. 10, of Texas Constitution, and the SIXTH (6) AMENDMENT of the UNITED STATES CONSTITUTION and this FUNDAMENTAL=RIGH is made applicable to the STATE through the FOURTEENTH AMENDMENT (14) GIDEON-V-WAINRIGHT, 372 U.S. 335, 83 S.ct. 793, 9 Ld.2d 799 (1963). The 6th AMENDMENT Right to Counsel is clearly necessary in order to effectuate just results within the Adversarial System. See STRICKLAND V-WASHINGTON, 466 U.S. 668, 104 S.ct. 2052, 2063, 80 L.Ed.2d 674 (198 The corresponding Law in Texas is provided under Texas Constitution ART. 1, 10, and Texas Code Criminal Procedure. ART. 1.05 (Vernon's197

Trial Counsel ' erred ' in failing to investigate Prior Conviction No.15715 and No.86-CR-1315-G, had counsel reviewed the indictmentand Pen-Packets He would had discovered that;

A) Prior information charge No.UNKNOWN is VOID;

B) Prior information charge does-not allege a cause No.#;

C) Defendant has never been Convicted " ON FEBRUARY 26, 1980 " as alleged in the indictment No. 90-CR-1818-E;

D) Prior conviction 86-CR-1315-G, was VOID under aFUNDAMENTAL-DEFECTIVE Jury Charge;

E) Counsel would had discovered indictment No.86-CR-1315-G, was DEFECTIVE under V.T.C.A., Penal Code 12.42 (d);

> 'and that the second previously conviction wasfor an offense that occurred after the first previous conviction became final

The Court's have held that 'CONVICTION' in 12.42 (d) requires a Valid Conviction for Enhancement, quite simple, If conviction is VOID the State has Insufficiently proved a FACTUAL-ELEMENT, (i.e., that th defendant had a Prior conviction.).

A Prior Conviction based upon a" FUNDAMENTAL-DEFECTIVE-INFORMATION is V O I D and thus, was UN-available to be USED as an Element of the Offense; See Ex Parte RIVERS, 559 s.w.2d 659 (Tex.Crim.App.1977); an Ex Parte STREWART, 582 s.w.2d 144 (Tex.Crim.App.1979); BARNEY-V-STATE 614 s.w.2d 834 (Tex.CR.App.1981). Prior No. 15715 could not be USED to enhance the charge offense.

A Prior Conviction based upon a "FUNDAMENTALLY-DEFECTIVE " Jury Charge/Instruction's " is VOID and thus, was UN-available for enhancement purpose. See BIGGINS-V-STATE, 824 s.w.2d 179 (CR.App.1992); DAVI V-STATE, 722 s.w.2d 563 (App.10-DIST.1989); KRUEGUR-V-STATE, 843 s.w. 726 (App.3rd DIST.1992); HADDEN-V-STATE, 829 s.w.2d 838 (Tex.App. 13th DIST. 1993).

Herein the instant case, it is abundantly clear as reflected from the Record, (i.e., Exhibit (2) and (4) that Prior convictions were VOID and could-not be available as an ELEMENT of the Offense, and UN-available for enhancement purposes, Petitioner is entitled to HABEAS CORPUS Relief accordingly; STRICKLAND-V-WASHINGTON, supra,. It is submitted to this Court that the Language of the SUPREME COURT still has some Application in that 'IF' the Right's to Counsel guaranteed by the CONSTITUTION is to serve it's purpose, Petitioner can't be left to the MERCY of INCOMPETENT COUNSEL. Mc MANN-V-RICHARDSON, 397 U.S. 759, 90 S.ct. 144 (1970). Without NO-DOUBT these Two(2) VOIDPrior conviction's did contributed to the out-come of the Trial, and the Jury Sentenced Petitioner to a SIXTY(60) year sentence for being aHibitual Felony Offender.

ClibPDF - www.fastio.com

V111.

ARGUMENT IN SUPPORT TO GRAN TING

WRIT OF HABEAS CORPUS

NO.5

The Texas Court of Criminal Appeals in CLIBURN-V-STATE, 661 s.w.2d 731 (Tex.CR.App.1983) stated; although the State was entitled to show that defendant's Probation had been Revoked, it was 'NOT' entitled to show details of UN-ADJUDICATED EXTRANEOUS Offense serving a basis for that Revocation , and ERROR in admitting Penitentiary-Packet refering to the Extraneous offense WAS-HARMFUL.

The State's counsel at Petitioner's punishment phase introduce to the Jury PEN-PACKET No.78-CR-149-E. PETITIONER'S Counsel 'OBJECTED' to the State's Evidence, in that, cause No.78-CR-149-E was a probated Sentence, and to prove that Prior Conviction was a FINAL-CONVICTION, the State had to introduce evidence showing probation was Revoked. Petitioner contends that Trial Court 'ERRED' an committed Reversiable-Error by admitting over Counsel's Objection, that States Exhibit pen-packet No.78-CR-149-E contained a' MOTION" to Revoke ' probation. PEtitioner's argument is that this said motion to revoke probation referr to an UNADJUDICATED-EXTRANEOUS Offense by recitingthat: See Exhibit-8

" The defendant,JOSE TERJO, on or about NOVEMBER 28,19 in Nueces County,Texas, did then and there unlawfully while in the course of committing theft and with intent obtain property of Eva Gonzalez, namely,United States currency,without the effective consent of the said Eva Gonzales and with intent to deprive the said Eva Gonzales of property,did then and there by using and exhibiting a deadly-weapon,to wit: apistol,intentionally and knowing threaten and place Eva Gonzales in fear of imminent bod injury and death,and in so doing has violated terms and condition(A) ofhis Adult probation, to wit: commit no offense against the laws of the State or of any otherState or of the United State.

Petitioner Swear's under Penalty of Purjury, He was-never TRIED nor CONVICTED of the above offense.

ClibPDF - www.fastio.com

Petitioner acknowledges that the FACT'S of revocation of probation ca and have to be proved, and shown, However ART. 37.07 V.A.C.C.P., pro hibits introduction of any Evidence of Extraneous offense's not resu ing in a FINAL-CONVICTION. Defense Counsel 'OBJECTED' specifically an Timely to the particalar fact's of the Extraneous-Offense that Consti tuted the violation of the probation,that made the basis for Revoking it. It's an Extraneous Offense, and it's not A-FINAL-CONVICTION to ha been considered as Evidence by the State, further it also sets out th detials of extraneous offense; petitioner further claims that evidenc of " EXTRANEOUS-OFFENCES are 'INADMISSIBLE' under ART.37.07,V.A.C.C.P as this Court is aware the State is entitled to show that the probati was Revoked, However it's not entitle to show the details of the offe that was the basis for the revocation. Counsel objection should had been SUSTAIN by Trial Court. This Prior convictions No.78-CR-149-E an 86-CR-1315-G, and EXTRANEOUS-OFFENSE mention on MOTION to revoke was the State's Evidence to Jury, at the punishment phase of Trial, by th Trial Court allowing the PROHIBIT -EVIDENCE to the Jury, it could wil be that is also the reason Jury awarded the petitioner a SIXTH (60) year sentence, BLANTON-V-STATE, 633 s.w.2d 903(Tex.CR.App.1982); RAMSEY-V-STATE, 575 s.w.2d 535 (Tex.CR.App.1978); SHERMAN-V-STATE, 537 s.w.2d 262(Tex.CR.App.1976)

Counsel further Filed on NOVEMBER 13,1990, a " MOTION IN LIMINE " See Exhibit (9) in Original State Writ.

1X.

ARGUMENT IN SUPPORT TO GRANTING
WRIT OF HABEAS CORPUS

ARGUMENT ALLEGATION NO. 6.: There's ' NO-EVIDENCE ' in Record,an

ClibPDF - www.fastio.com

there was no-evidence offered to the Jury showing that defendant was convicted on cause No.78-CR-149-E on such date as alleged in the indictment No.90-CR1818-E. The indictment specifically alleges the word "ON FEBRUARY 26,1980" in describing the date of the prior convictio No.78-CR-149-E, this is contaary to the Pen-Packet offered to Jury,ar State's argument to Jury at punishment phase of Trial was that Prior conviction was FINAL on APRIL 24,1978, all contrary to indictment; 'convicted on FEBRUARY 26, 1980.

There's no-evidence showing a Prior ON FEBRUARY 26,1980 as allege in the indictment No.90-CR-1818-E. As this Court is aware everything that is stated in the indictment 'MUST' be proof as allege. The special issue was submitted to the Trier of Fact's and was answered AFFIR mative ,SeeJury's Verdict Form: Exhibit (10) pg. 6.

> ' We the Jury, further find beyond a reasonable doubt that the defendant has been previously convicted of Two-2 Felonies as allege in the indictment,"

Now, See Indictment cause No. 90-CR-1818-E, it alleges; the first previous conviction being for burglary, ON FEBRUARY 26, 1980...

There's not one piece of evidence before the Jury at time of Tria showing a conviction (ON FEB. 26, 1980) as alleged in the indictment The Court of Criminal of Appeal in WARD-V-STATE, 829s.w.2d 793, stat it will-not allow the State to maintain a conviction where it has-n matched it's proof to the indictment under which it Charged the defendant. Further, this Court should be aware the'Court's Charge' did away with the DATES of the Two(2) alleged Prior Conviction, and the Application Charge to Jury is what gives Jury AUTHORITY to find the defendant's prior conviction's 'TRUE / FALSE' . If the dates of pric

ClibPDF - www.fastio.com

conviction,ON FEBRUARY 26,1980 as stated in the indictment, and the Trial Court's punishment instruction's DID-NOT correspond, then the Jury's could not of found beyond a raesonable doubt that conviction No. 78-CR-149-E was ON FEBRUARY 26,1980.

Since the State FAILED to meet it's burden of proof the proper Remedy is a REVERSAL and REMAND. See Mc GINNIS-V-STATE, 746s.w.2d 479 GLORISSO-V-STATE, 753 s.w.2d 454; SHERMAN-V-STATE, 750 s.w.2d 855; FOSTER-V-STATE, 727s.w.2d 45. In RUSSELL-V-STATE, 790 s.w.2d 658, the Majority Opinion holds that:

> " Aharmless error analysis should not be undertaken when the State Fails to meet it's burden of proof (to sustain an element of the primary offense 'or' an element of an enhancement allegation).

Trial Court committed Reversable-Error in failing to incorporate the DATES of the allege Prior Convictions in Court's Jury Charge Instruction's. See Exhibit (10) INSTRUCTION NO.5 pg. 2 and 3.

## PRAYER FOR RELIEF

Wherefore premises, considered, Petitioner Respectfully Request that this Honorable Court would REVERSE cause No. 90-CR-1818-E, for the above ERROR'S and such other further Relief this Court Finds Petitioner is Entitled to, IN THE INTEREST OF JUSTICE AND EQUITY OF LAW.

RESPECTFULLY, SUBMITTED

Jose Manuel Trejo
JOSE MANUEL TREJO

ClibPDF - www.fastio.com

## Certificate of Service

I Jose Manuel Trejo, petitioner herein, do hereby certify that I mailed the original and ONE (1) copies of: Standard 2254 Forms, and separate memorandum, brief and argument in support of Writ of Habeas Corpus, by First-Class U.S mail, to the clerk of the U.S. District Court, Southern District of Texas, Corpus Christi, Division, on this 8 day of JANUARY 2000.

Jose Manuel Trejo
Jose Manuel Trejo
Petitioner Pro-se

## Affidavit In Forma Pauperis

I, Jose Manuel Trejo, petitioner herein, declare that I am unable to pay the costs incident to this proceeding, or to give security therefore, pursuant to 132.001-132.003, Texas Civil Practice & Remedies Code, on this 8 day of JANUARY 2000.

I will try to get my sister to send the filing fee's.

Jose Manuel Trejo
Jose Manuel Trejo,
Petitioner - Pro-se

ClibPDF - www.fastio.com