IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE MANUEL TREJO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. C-00-13 |
| | § | |
| GARY L. JOHNSON, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

## RESPONDENT JOHNSON'S MOTION TO DISMISS
## WITH BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division, Respondent, ("the Director"), through the Attorney General of Texas, and files this Motion to Dismiss with Brief in Support.

### I.

### JURISDICTION

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

### II.

### DENIAL

The Director denies each and every allegation of fact made by Petitioner, Jose Manuel Trejo, ("Trejo"), except those supported by the record and those specifically admitted herein.

### III.

### STATEMENT OF THE CASE

Trejo challenges the Director's custody of him pursuant to a judgment and sentence entered in the 148th District Court of Nueces County, Texas, in Cause No. 90-CR-1818-E in a case styled *The State of Texas v. Jose Trejo. Ex parte Trejo,* Application No. 9,544-06 at

1.

42. Trejo was found guilty of being a felon in possession of a firearm (habitual). *Id.* On February 27, 1991, the court sentenced Trejo to sixty years confinement in TDCJ-ID. *Id.*

Trejo filed a direct appeal, but chose to voluntarily withdraw it. *Ex parte Trejo*, Application No. 9,544-13 at 93. On April 11, 1991, the court dismissed his appeal. *Id.* at 92. Trejo has filed two state applications for writ of habeas corpus challenging the instant conviction. *Ex parte Trejo*, Application Nos. 9,544-06 and -13.[1] His first relevant application was filed on September 2, 1992, and denied by the Texas Court of Criminal Appeals without written order on November 18, 1992. *Ex parte Trejo*, Application No. 9,544-06 at 4, cover. Trejo's second relevant application was filed on October 26, 1999, and dismissed for abuse of the writ by the Texas Court of Criminal Appeals on December 8, 1999. *Ex parte Trejo*, Application No. 9,544-13 at 2, cover.

Trejo has filed two previous federal petitions for writ of habeas corpus against other convictions. The first was dismissed by this court with prejudice on June 3, 1996. *Trejo v. Scott*, Civil Action No. C-95-361. The second was dismissed by this court without prejudice on August 11, 1999. *Trejo v. Johnson*, Civil Action No. C-98-83 (S. D. Tex. Aug. 11, 1999).

Trejo's state habeas file has been ordered and received. It will be forwarded to the court as soon as it is reproduced. Trejo's direct appeal file is not relevant to this motion and will only be forwarded upon request.

## IV.
## PETITIONER'S ALLEGATION

The Director understands Trejo to allege:

1.    His information was fundamentally defective.

2.    The prior convictions alleged for enhancement purposes are void.

3.    He received ineffective assistance of counsel because his attorney:

---

[1] Trejo's has filed ten other state writs and one state application for writ of mandamus against other convictions.

      A.    Failed to investigate his prior convictions.
      B.    Failed to raise a defective indictment allegation.

4. During the punishment phase of trial, the state improperly entered unadjudicated extraneous offenses.

Fed. Writ Petition at attachment at 1-16.

## V.

## EXHAUSTION OF STATE REMEDIES

Pending a ruling on the instant motion, the Director reserves the right to argue whether Trejo has sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b) and (c) on the allegations presented herein.

## VI.

## MOTION TO DISMISS

Trejo executed the instant petition on January 8, 2000, and it was filed by the court on January 14, 2000.[2] Fed. Writ Petition at 7, 1. Consequently, the petition is subject to review under the recent amendments to the habeas corpus statutes, the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). *Lindh v. Murphy*, 117 S. Ct. 2059, 2061, 2068 (1997) (AEDPA does not apply to petitions filed before AEDPA took effect; "the new provisions of [the AEDPA] generally apply only to cases filed after the Act became effective"); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997) (AEDPA applies to a petition filed by state prisoner after April 24, 1996). The AEDPA provides that:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the

---

[2] A *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

3

conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (1996).

### A.  Under a Literal Reading of the AEDPA, Trejo's Claim is Time Barred.

Trejo's allegations, *See* Parts IV.1-4, *supra*, stem from events that allegedly occurred during or before the trial court's adjudication of his sentence, therefore, they fall under 28 U.S.C. § 2244(d)(1)(A). Under this section, the limitation period begins to run on the date Trejo's conviction became final. *Id.* Therefore, the limitation period began on May 10, 1991, and expired on May 10, 1992.[3] Tolling is inapplicable since Trejo did not file for collateral relief during this time. 28 U.S.C. § 2244(d)(2). When Trejo filed his federal petition, he was over seven years late and his petition should be dismissed as time-barred.

---

[3] Although Trejo's voluntary dismissal of his appeal may make the expiration date of direct review expire earlier, the Director will run the limitation period from thirty days after April 11, 1991.

4

## B. Even with a court-imposed grace period, the statute of limitation has run on Trejo's grounds for relief.

The Fifth Circuit has determined that "prisoners must be accorded a reasonable time after the AEDPA's effective date within which to file petitions for collateral relief under section 2255."[4] *United States v. Flores*, 135 F.3d 1000, 1004-05 (5th Cir. 1998). The court then defined "reasonable time" by stating that "one year, commencing on April 24, 1996, presumptively constitutes a reasonable time for those prisoners whose convictions had become final prior to the enactment of the AEDPA "to file for relief under 28 U.S.C. § 2255." *Id.*, 135 F.3d at 1006. The court stated " . . . petitioners attacking convictions or sentences which became final prior to the AEDPA's effective date will be accorded the one-year post-AEDPA period, commencing on the Act's effective date, within which to file for section 2255 relief." *Id.* The grace period ends on April 24, 1997. *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). Furthermore, in *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998), the Fifth Circuit held that 28 U.S.C. § 2244(d)(2) applies to the *Flores/Flanagan* reasonable time period.

Trejo's reasonable time period began on April 24, 1996. It expired on April 24, 1997. *Flanagan v. Johnson*, 154 F.3d at 202. Trejo did not file for collateral relief during the grace period so tolling is inapplicable. Consequently, his petition must be dismissed as time barred.

---

[4] The issue in this case arises under 28 U.S.C. § 2254 (relating to attacks on *state* court convictions or sentences). Although the *Flores* court was presented with an interpretation of 28 U.S.C. § 2255 (relating to attacks on *federal* court convictions or sentences), the court stated that the two statutes are "virtually identical ...and have traditionally been read *in pari materia* where the context does not indicate that would be Trejo." *United States v. Flores*, 135 F.3d 1000, 1003, n. 7 (5th Cir. 1998). The court then stated, "Although the application of the limitations period in the amended section 2255 is in question in the case *sub judice*, in our discussion below we refer to cases involving section 2254 as relevant to our analysis, and we similarly do not adhere to the linguistic 'motion/petition' distinction in referring to the filing that a prisoner makes to begin proceedings under sections 2255 and 2254 (technically, a pleading filed under section 2255 is referred to as a 'motion,' while one filed under section 2254 is a 'petition.'). *Id.*

5

## VII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that the instant petition be dismissed with prejudice as time barred.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SHANE PHELPS
Deputy Attorney General
for Criminal Justice

ROSS RAYBURN
Assistant Attorney General
Chief, Habeas Corpus Division

*Lead Counsel

EDWIN SULLIVAN*
Assistant Attorney General
State Bar No. 24003024

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1400
(512) 936-1280 (Fax)

ATTORNEYS FOR RESPONDENT

6

## CERTIFICATE OF SERVICE

I, Edwin Sullivan, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Respondent Johnson's Motion to Dismiss with Brief in Support** has been served by placing same in the United States Mail, postage prepaid, on this the 24th day of March, 2000, addressed to:

Jose Manuel Trejo
TDCJ-ID # 588932
Boyd Unit
Rt. 2, Box 500
Teague, TX 75860

_____
EDWIN SULLIVAN
Assistant Attorney General

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *JOSE MANUEL TREJO,* | § | |
| Petitioner, | § | |
| | § | |
| *v.* | § | Civil Action No. C-00-13 |
| | § | |
| *GARY L. JOHNSON, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF* | § | |
| *CRIMINAL JUSTICE,* | § | |
| *INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

## ORDER TO DISMISS

For the reasons urged in the Respondent's motion to dismiss, the habeas petition is dismissed as time barred under 28 U.S.C. § 2244.

It is so ORDERED.

SIGNED on this the _____ day of _____, 2000.

_____
JUDGE PRESIDING