# IN THE UNITED STATES
## DISTRICT COURT FOR THE SOUTHERN
### District of Texas, Corpus Christi Division

United States District Court
Southern District of Texas
FILED

**APR - 5 2000**

MICHAEL N. MILBY  CLERK

|  |  |
|---|---|
| | X |
| JOSE MANUEL TREJO | X |
| Petitioner | X |
| VS. | X  CIVIL ACTION NO. C-00-13 |
| | X |
| GARY L. JOHNSON | X |
| Director, Texas Department of | X |
| Criminal Justice, Institutional Division | X |
| Respondent | X |

### PETITIONER's Objection's To Respondents
### Motion To Dismiss As Time Bar

TO THE HONORABLE JUDGE OF SAID COURT;

Now comes JOSE MANUEL TREJO, Petitioner Pro-Se HEREIN and Files his objection's to Respondent's Johnson motion to Dismiss. In support thereof, the Petitioner would Respectfully show the Court As follow:

### I

Petitioner object's to Respondent's motion to Dismiss under 28 U.S.C. §§ 2244 (d) (1) (A), in that, the facts of the Record will support otherwise. Petitioner was prevented from filing by STATE of TEXAS Action.

[due to a 'PLEA BARGAIN Agreement on 90-cr-1830-E]
SEE: Exhibit (A) enclosed

8.

## II.

Petitioner object's to Respondent's motion, that the File on direct Appeal is not Relevant to this case. The Files on Notice of Appeals are very important, they will support that Petitioner wanted to Appeal his conviction on cause no. 90-CR-1818-E. The Dismissal of Petitioner's Appeal was-not 'Voluntary'. The Appeal was dismiss due to a "Plea bargain Agreement" on cause no. 90-CR-1880-E. The included Exhibit [A], shows petitioner had made a 'Plea-Agreement' with the State of Texas to dismiss his Requested Appeal under a **VOID** plea-agreement. Petitioner didn't have any knowledge that he had Entered into a Void proceeding with the State of Texas until just about seven (7) or eight (8) months ago. That is the reason petitioner just file his writ of habens corpus, petitioner's Reasonable Time period to file was less than half a year ago [I.e. seven/eight months] when he first had knowledge that Dismissal of his Appeal was under a VOID proceeding. [I.e. Plea bargain Agreement] In that under the Texas Code of Criminal Procedure V.A.C.C.P, Art. 37.07, the **USE** of un-adjudicated offenses during the punishment phase of the Trial is illegal, and cannot be perform. In all Truth petitioner was prevented by the State to file any Appeal/writ due to the Plea Agreement in 90-CR-1880-E, however petitioner show be allowed to proceed, since his writ of Habens corpus was filed with-In a year Since he had knowledge he Appeal-Dismissal was under a False Contract/Plea bargain Agreement he had made in 90-CR-1880-E with the State District Attorney 'Roy Hudspeth.

Pg. 2.

The petitioner should be Allowed to proceed with his Federal writ under (D)(1)(B). The A.E.O.P.A. (d)(1)(B) provides that

(b) " the date on which the impediment to filing An Application created by States Action in violation of the Constitution -or-Laws of the United States is Removed, if the Applicant was prevented from Filing by such State Action"

As Exhibit (A) [i.e. Plea bargain Agreement] shows petitioner was prevented by States Plea-Agreement, to file due to the `Plea` I had entered with them SEE page Two(2) of Exhibit [A]. This was what prevented petitioner to file Any Appeal -or- Writ. How EVER due to the Fact that Plea bargain Agreement is **VOID** And cannot be perform as Agree upon, his [petitioner] Appeal/writ should be Allowed to be heard in All fairness, due to Erroneous Advice from defense counsel `Patrict J. McGuire`, And misleading Promises from the District Attorney `Roy Hudspeth`, I was made to believe that the Plea bargain Agreement could by Law be in-Force, however that is/was Not True, in clear violation of Due Process of Law, And Fairness, United States Constitutional Amendment Fourteen [14]`, Texas Constitution Article 1, section 19. SEE Further, in Gallardo -V- State 849 s.w. 2d 825 [Tex-Crim. App 1993] wrote, IT is well settled that Unadjudicated Offenses **DO-NOT** Fall within the definition of "Prior Criminal Record" in Order For Trail Court to consider "UNADJUDICATED-OFFENSE" At punishment phase of Trial. The Plea-Agreement in cause No. 90-CR-1830-E is VOID. And petitioner Requested Appeal was Dismiss/waive due to A void Plea bargain Agreement. Even the Respondent Agree's to the Fact's that are Supported by the Record, An the Record

pg. 3.

Support's that unadjudicated offense's were to be consider for punishment on cause No. 90-CR-1880-E, Again See Exhibit (A), and plea-agreement is part of the Record, so in reality petitioner Dismiss his Requested Appeal on cause No 90-CR-1818-E under A VOID proceeding created by the STATE's own Action. Petitioner dismissal under A Void PLEA Agreement Denied his of his Right's to Appeal his conviction on cause No. 90-CR-1818-E. This Court is Aware under Texas Law Extraneous offenses, of Two (2) prior cases pending, where cases were NOT-Prosecuted were un-adjudicated offenses which were improperly made part of the "PLEA Bargain Agreement" and petitioner trial counsel was deficient in failing to 'object' to sentencing Court's consideration of them, Please See Spriggs-v-Collins C.A. 5 [Tex.1993], 993 F.2d 85. As stated herein, petitioner was just made Aware that 'PLEA bargain Agreement' under which he Dismissed his Appeal is Void. If petitioner had known this Fact in 1991, 92, 93, 94, 95, 96, 97, 98 he would of had raised this issue back then, However this Fact that Requested Appeal had been made under A VOID proceeding was just made known to petitioner about SEVEN [7] or Eight [8] months Ago. Petitioner's time period should begin to run, when He was notify that the PLEA-Agreement with the STATE was under False pretense And misleading advice. I Do Know for certain, that I was told Less than A YEAR Ago About this issue.

Therefore, Premises Considered petitioner Respectfully Ask this Court to Deny the Respondent's Motion to Dismiss.

pg. 4

Jose Manuel Trejo
JOSE MANUEL TREJO

## CERTIFICATE OF SERVICE

I Jose Manuel Trejo, Petitioner, do hereby certify that a True and Correct copy of the above and foregoing objection's has been served by placing same in the United State's mail, postage prepaid, on the 3 day of April 2000.

Addressed To: Assistant Attorney General
Edwin Sullian
P.O. Box 12548 Capitol Station
Austin, Texas   78711-2548

_Jose Manuel Trejo_
Jose Manuel Trejo

## VERIFICATION

I Jose Manuel Trejo sworn under V.T.C.A., Civil Practice & Remedies Code §§ 132.001 - 132.003 that the Copy of Exhibit (A) "Plea bargain Agreement" is a True and Correct copy [Typewritten] of the Original Plea Bargain Agreement in Cause No. 90-CR-1820-E,

_Jose Manuel Trejo_     #588939
Jose Manuel Trejo
Petitioner Pro-SE

pg. 5

NO.  90 CR 1820 E

STATE OF TEXAS VSD.  JOSE M. TREJO

IN THE DISTRICT COURT,  148 TH JUDICIAL DISTRICT

NUECES COUNTY, TEXAS

PLEA BARGAINING AGREEMENT

TO THE HONORABLE JUDGE OF THE COURT:

 Uppn inquiry by the Court before acceptance of the Defendant's plea of guilty or plea of nolo contendere notice is hereby given that there exists a plea bargaining agreement between the State, the Dfeendant, and the Defendant's Attorney.

 Under the terms of that agreement, the Defendant, JOSE M. TREJO ___, agrees to plead guilty or nolo contendere to the offense of __ Aggravated Robbery, __ Defendant and his attorney ( X ) agree ( ) do not agree that Defendant be punished as récommended by the State. Defendant ( X ) agrees ( ) does not agree to waive and withdraw all pretrial motions filed in the case.

 In consideration of the Defendant's plea of guilty or nolo contendere the State agrees to:

( ) Prosecute only on Count _____ of the indictment;

( ) Prosecute only on the lesser included offense of _____;

( ) To recommend to the Court Class A Misdemeanor punishment pursuant to Section 12.44, P.C.;

(X ) To consent to the Court's consideration of the following unadjudicated offense in determining sentence for the offense or offenses of which Defendant stands adjudged guilty;
 90 CR 1819 E and 90 CR 1822 E,_____
 _148 th District Court, Nueces_____
 County, Tx._____

( ) To recommend that punishment be assessed at:
 _35_____ years in the Texas Department of Corrections
 _____ moths in the Nueces County Jail
 $ _-0-_____ fine.

( ) To recommend that the sentence on the punishment assessed be suspended and that the Defendant be place on probation for a term of _____ years;

( ) Make no recommendation of punishment.

18-1

Exhibit 'A'

(    )    Make no recommendation on the punishment to be
assessed;

(    )    Make no recommendation on whether the Court should
grant probation;

( X )    To dismiss the following unadjudicated offenses pending
against the Defendant: <u>90 CR 1819E    and</u>
<u>   90 CR 1822E.</u>

(x )    Other agreements;
<u>State will not prosecute</u>
<u>Michelle Pena for perjury as</u>
<u>as result of testimony in   90 CT 1818E</u>
Defendant will dismiss appeal in   90 CR 1818E

     The Defendant has been advisedd and understands that in the
evatt that the Court rejects this agreement, the Defendant will
be permitted to withdraw his plea od guilty or nolo contendere
and no statement or other evidence received from him during the
plea may be admitted against   him on the issue of guilt or
punishment in any future criminal proceedings as provided in
Article 26.13 C.C.P.   The Defendant further understands that if
the Court stes a punishment at or below the punishment
recommended by the prosecutor and agreed to by the Defendant and
his attorney, no appeal of his conviction is possible without the
permission of the court except on those matters which have been
raised by written motion filed before trial.

<br>
<br>

s/ Jose M. Trejo
**DEFENDANT**

                       s/ R. Hudspeth
                       **COUNSEL FOR THE STATE**

<br>
<br>

s/ Patrick J. McGuire
**COUNSEL FOR THE DEFENDANT**

185