In The UNITED STATES DISTRICT COURT
FOR The Southern District of TEXAS
Corpus Christi Divison

Jose Manuel TREJO
        PETITIONER,

VS.

GARY L. Johnson
        Respondent,

Civil ACTION NO. C-00-13

United States District Court
Southern District of Texas
FILED

MAY - 2 2000

MICHAEL N. MILBY CLERK

PETiTiONER's Supplemental Response
ObjecT's To RespondenT's moTion FoR
Summary Judgment

To The HONORABLE Judge of SAid COURT:

NOW comes Jose Manuel TREJO, PETiTioner PRO-SE
HEREIN And Files A Supplemental Response, and objecT's
To RespondenT moTion FoR Summary Judgment. IN SupporT
thereof, the PETiTioner would RespectFully show the CourT
AS Follow:

I

PETiTioner objecT's To RespondenTs Summary JudgmenT
in that; CourT's [i.e, STATE & FEDERAL] have Ruled [if A "PLEA-
AgreemenT / ConTRacT cannot be 'FulFill' As ORiginAl AGREE
upon, the PLEA is UN-VOLUNTARy ENTERED. The Breach of
AgreemenT WAS ViolATED in that, by Law and STATuTE of
TEXAS Code Criminal Procedure V.A.C.C.P, ART-37.07 unadjudicate
OFFENSE's cannot be consider by Trial Judge during the punishment

pg. 1.                                    11.

phase, unadjudicated-offenses are not final-conviction, and should not be consider under 'Prior Criminal Record' as Art. 37.07 provide's; see C.A. 5 (Tex) 1996 U.S.-v-Guerra, 94 F.3d 989 Breach of Agreement was violated, plea is void by Texas Law's, and since 'plea' is void, and (petitioner's) waiver/dismiss of his requested appeal, was under deception, unfulfillable promise, and misrepresentation by both counsel's [I.E. STATE & Defense. petitioner's federal claims should be heard at this late date since it was the STATE's action that prevented petitioner from filing any action on cause number 90-CR-1818-E. See U.S.-v-Maya 111 F.3d .386 C.A. 5 (Tex) 1997 court stated, plea that is induced by deception, unfulfillable promises, and misrepresentation, is not voluntary.

Petitioner object's that his requested appeal was ~~not~~ waived/dismiss voluntary, as stated on respondents motion. STATE's "Plea bargain Agreement" on cause no. 90-CR-1830-E was what prevented the petitioner to appeal cause no. 90-CR-1818-E.

## II.

In petitioner's objections to respondents motion to dismiss is Exhibit (A) "Plea bargain Agreement" and that is the only reason the requested appeal was dismiss, However, now that petitioner has been made aware that the 'Plea bargain Agreement/contract was made under a promise that cannot be legally fulfill, petitioner's federal-writ should be heard and ruled on, in the interest of justice, since STATE and FEDERAL-WRIT was

Pg. 2.

FILED WITHIN ONE (1) YEAR PERIOD SINCE HE [Petitioner] WAS MADE AWARE 'PLEA Agreement by STATE of TEXAS could-NOT be perform AS stated [I.E. CONSIDER unADjudicated-offense for punishment entered] Petitioner Respectfully prays to this Court to be allowed to proceed with his FEDERAL Right's ViolATions UNDER A.E.D.P.A. (D)(1)(b) which provides;

b)." the date on which the impediment to filing an Application created by STATES Action in Violation of the CONSTITUTION -or- LAWS of the UNITED STATES is REMOVED, if the Applicant was prevented From Filing by such STATE ACTion."

I WAS NOTIFY on July - August 1999., that 'Plea Agreement' WAS ViolATed by LAW's of UNITED STATES.

## III.

Petitioner would like to submit only part of the Exhibit's he filed in His STATE WRIT, showing this Court his CONSTITUTIONAL Right's have been Violated, in that the STATE used A VOID-Prior-Conviction For Enhance on cause No. 90-CR-1818-E.

AS this Court is AWARE, it was the Court of Appeals LEGAL-DuTy Not to Let "FundAmental-ErroR" in A Jury Charge go UN-NOTICED, ART. 36.19 V.A.C.C.P., AND ART. 5, sec. 5 TEXAS CONSTITUTION. [I.E. A FundAmental-Error CANNOT be WAIVED.]

SEE enclose ExhibiT (A)(1) AND (2) "STATEMENT of FacTs" on

CFAPDF - www.fastio.com

Case 2:00-cv-00013 Document 11 Filed in TXSD on 05/02/2000 Page 4 of 54

CAUSE NO. 86-CR-1315-G (i.e. Prior Conviction USED To Enhance punishment
the Jury didn't have 'AUTHORITY' to Find the Defendant guilt:
beyond A REASONABLE doubT that 'Trejo' ENTERED the Habitation
AS alleged in the Application-paragraph of Trial Court's Jury
Instructions. The Fact's of petitioner's trial was that HE (Trejo)
WAS the DRIVER, A PARTY To The Offense, However the Law of
PARTIES [Element's] WAS NOT INCORPORATED in the Application
paragraph of Jury Charge. Since Sufficiency of Evidence is
tested by the charge of the COURT AS given. BOOZER-V-STATE,
717 s.w.2d 608, At 610-611 [Tex. Crim. App. 1984]. failure to apply
the LAW of parties to Facts of the CASE RISKS AN ultimate
Acquittal of defendant, just As 'ORDERED' in WALKER-V-STATE, 823
s.w.2d 247 [Tex. Crim. App. 1991]; JONES-V-STATE, 815 s.w.2d 667 [Tex. Crim.
App. 1991]; GARRETT-V-STATE, 749 s.w.2d 785, And BIGGINS-V-STATE,
824 s.w.2d 179. The COURT of CRIMINAL APPEALs have Ruled, it is
'ERROR' For Trial COURT Judge to REFER to LAW of PARTIES in Abstenct
portion of Jury CHARGE AND NOT Apply that LAW OR REFER to that
LAW in Application paragraph of Jury charge, in that, LAW of parties
was Not incorporated within the Application-paragraph, And that is
what gives Jury Authority to convict -or- Acquit. Therefore the
Void PRIOR Conviction 86-CR-1315-G could-not And should had-not
be USED to ENHANCE punishment in CAUSE No. 90-CR-1818-E. Therefore
the EVIDENCE is insufficient to support the only VERDICT of guilty
which the JURY WAS Authorized to RETURN, charge didn't set Forth
the ELEMENTS of the offense that "convicts". JACKSON-V-VIRGINIA, 443
U.S. 307, 319, 99 s.ct. 2781, 2789, 61 L.Ed. 2d, 560 [1979].

    FURTHER proof will be supported that CAUSE No. 90-CR-1818-E

pg. 4.

CSHPDF - www.tessia.com

is VOID, AND probably that WAS the REASON the STATE ATTORNEY MR. Roy Hudspeth offer the petitioner A "PLEA bargain Agreement" so that petitioner would Dismiss His Requested-Discretionary REVIEW HE WAS SEEKING on APPEAL on this cause 90-CR-1818-E.

## IV.

PETITIONER does NOT object to the COURT's intent to treat RESPidents MOTION to Dismiss, AS A MOTION for Summary Judgment.

However, petitioner RESpectfully ASK this COURT to take into consideration that petitioner's (Trejo) Requested Appeal on 90-CR-1818-E WAS Dismiss due to A STATE's "PLEA bargain Agreement" on 90-CR-1820-E AND that petitioner WAS made AWARE of the VOID PLEA Agreement LAST yEAR, AROUND July OR AugusT of 1999. This is TRUE AND CORREC AND petitioner did FILE his FEDERAL WRIT within the ONE (1) yEAR Limit of A.E.D.P.A.

A) Acknowledgment that PLEA Agreement WAS Void WAS on July or AugusT 1999

B) STATE WRIT FILED on OCTOBER 1999;

C) FEDERAL WRIT FILED on JANUARY 14-2000. CR-C-00-13

From the time I RECIEVED Notice that 'PLEA Agreement was Void [i.e. July 1999], to the time I FILED FEDERAL WRIT, that's About Six (6) months 14-DAys, Well within the ONE (1) yEAR time Limit. PETITIONER WAS barred to Appeal due to the STATES PLEA bargain Agreement. Now that I have been made AWARE that I didn't "Voluntary" WAIVED the APPEAL I had Requested on CAUSE No. 90-CR-1818-E, I Request that my FEDERAL WRIT be

pg. 5.

heard due to STATE's Action that preventing me to file before, that is, "Plea bargain Agreement". However 'Plea Agreement' with the STATE cannot be Fulfilled as stated by TEXAS Law's and STATuTe. See exhibit (D) pg. 2 — one term of the 'Plea bargain Agreement' was to Dismiss Appeal in Criminal Cause No. 90-CR-1818-F

The U.S ~ V ~ maya 111 F.3d 386`, And U.S ~V~ Guerra, 94 F.3d 989 stated 'Plea that cannot be fulfilled was Not Entered by petitioner 'Voluntary'. See Further Docket-sheet of CourT, to Dismiss 90-CR-1818-E, Plea was to Dismiss Two (2) pending cases not one (1) As shown by Docket-sheet, Also Trial CourT consideration of unadjudicated-offenses for punishment cannot Legally be perform, their USED is prohibit by ART. 37.07 V.A.C.C.P. For the above reason's, petitioner ask this CourT to DENY the Respondent's motion For Summary Judgment, And every reasonable inference must be indulged in Favor of the Non-movant And any Doubts resolved in His Favor.

Petitioner's STATE and Federal WRITs were Filed, As soon As He was Advice that he was harm in Dismissing his Requested Appeal No. 90-CR-1818-E under a "False" And "misleading" Plea bargain Agreement

WhereFore, Premises Considered, Petitioner respectfully requests that Respondents motion For Summary Judgment be Denied, And that his Timely Federal WRIT be heard, I ask in Jesus Christ Name.

Respectfully Submitted

*Jose Manuel Trejo*

Jose Manuel Trejo

pg. 6.

*13-87-003-CR*

NO. 86-CR-1315-G

| THE STATE OF TEXAS | ĭ | IN THE DISTRICT COURT |
| VS. | ĭ | 319TH JUDICIAL DISTRICT |
| JOSE TREJO | ĭ | NUECES COUNTY, TEXAS |

STATEMENT OF FACTS
VOLUME IV --- GUILT OR INNOCENCE
December 9, 1986

A P P E A R A N C E S:

THE HONORABLE MAX BENNETT, JUDGE
319th Judicial District Court
Nueces County Courthouse
Corpus Christi, Texas 78401

**FILED**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

FEB -5 1987

JUDGE PRESIDING

MS. PAULA WYATT
Assistant District Attorney
Nueces County Courthouse
Corpus Christi, Texas 78401

ATTORNEY FOR THE STATE

MR. FRED JIMENEZ
Attorney at Law
433 South Tancahua
Corpus Christi, Texas 78401

ATTORNEY FOR THE DEFENDANT

ALSO APPEARING:

MS. DIANE MAY
Court Interpreter
Nueces County Courthouse
Corpus Christi, Texas 78401

ORIGINAL

PENGAD/INDY. MUNCIE, IN 47302

SF-2094

DELIVERED FEB 0 5 1987

Exhibit (A-1 ¿ 2)

1        Bring in the jury.

2            (The jury is brought into the courtroom

3        and the following proceedings are had before

4        the Court and jury with all parties present.)

5            THE COURT:  All right.  Ladies and gentlemen

6        of the jury, I'm going to read to you at this

7.       time the Charge of the Court.  You will have the

8        Charge of the Court with you in the jury room to

9        refer to during your deliberations.  After I read

10       the Charge of the Court to you, the attorneys will

11       argue the case to you.  The State has the right

12       to make an opening statement and also a closing

13       statement.  You'll first hear from the State.

14       Then, you'll hear from the Defense Attorney, and

15       then finally from the State.  Each side will have

16       a total of twenty minutes' argument time.

17           (The Court reads the Charge of the Court

18       to the jury.  After which, the following proceedings

19       are had before the Court and jury.)

20           THE COURT:  You may argue the case.

21           MS. WYATT:  Could I have the podium, please?

22           Good morning, ladies and gentlemen.  As

23       Judge Bennett has just told you, I will have an

24       opportunity again to argue this case.  Then, the

25       Defense Attorney will have an opportunity to

PENGAD/INDY, MUNCIE, IN  47302

SF-2094

A - 1.

respond, and then, I will finally close, because,
as you know, I have the burden of proof in this
case, and during voir dire, each of you took an
oath to follow the law and to follow the facts in
the case, and each of you told me that you had no
problem with the law as it applied to the facts
of this case.  I'll ask you now to remember that
oath, but you remember the instructions the Judge
has given you regarding the facts, that you are
the exclusive judges of the credibility of the
witnesses.

The Charge of the Court is lenghty, several
pages, but the first two -- actually two, a little
bit, two and this much, just define the act of
burglary, what is burglary, and basically, it
says if it's without effective consent of the
owner, but then, it goes into all the definitions,
what is effective consent, what is owner, what
is property, and it goes down all the way down.
That way, you'll find in each element, what is
theft with the intent to commit theft.  Well,
what is theft?  And it tells you what theft is,
and then, we get over to a person acting, and
then, it tells you about whether or not a person
acts with knowledge and talks about that.  Then,

1    finally, we get over to what we talk about during

2    voir dire, which was the law of the parties, and

3    it tells you that a person is criminally responsible

4    as a party, if by his own conduct or by the conduct

5    of another, he is criminally responsible, and then

6    it goes on to tell you what criminal responsibility

7    is, and basically, it means to aid or attempt to

8    aid.  Now, you're going to have this, and you can

9    read it in verbatim, but it's a long definition.

10   We put the whole definition in there for you.

11   I don't know if he intended to promote or assist

12   the commission of the offense.  I don't know if

13   he solicited, said, "Hey, let's go do a burglary."

14   I don't know if he encouraged, "Come on, let's

15   go do a burglary fast," but I do believe the

16   evidence shows beyond a reasonable doubt that he

17   aided or attempted to aid by driving the car.

18        Now, when I first talked about this, I told

19   you during voir dire that I had to prove five

20   things to you.  Those things were:  That it

21   occurred on August 18th, 1986 in Nueces County,

22   Texas; that he did then and there with the intent

23   to commit theft; didn't just drive up there just

24   to look at the house or to trespass on the

25   property, but he intended to commit theft; enter

a habitation owned by J.C. Adkins.  Mr. Adkins

testified that his home was burglarized; without

his effective consent, the owner, J.C. Adkins.

He testified too, "I didn't give anybody privilege

or consent to go in the home and steal my property,"

and that that would equal guilty, and I told you

I had to prove all that beyond a reasonable doubt,

and I believe the facts in the case, after you've

carefully looked at and pieced together, that when

you do piece them all together, it will come up as

guilty beyond a reasonable doubt.

I put stars here by enter a habitation,

can I prove that he -- that the Defendant entered

Mr. Adkins' home?  No, but I can prove it through

the law of parties, and that's why it's in the

Charge.  You don't actually have to go into the

home to have burglarized it.  You can be with a

fellow who went into the home.  I believe we

talked about that a little bit on voir dire, about

a bank robber, if you're the get-away driver, when

you actually don't go up and stick a gun in some-

one's belly and say, "Give me the cash," but

you're in the car waiting to go toodle away with

the goods, so, you're also guilty of robbery, and

that's a real important part.  Just like I told

189

y'all during voir dire, you've got to put all
the pieces together to get guilty.  This is a
case that you have to think about all the pieces,
so that's why the star's by enter a habitation.
He did enter that habitation under the law of
parties.

Now, let's talk a little bit about what the
evidence, how I proved beyond a reasonable doubt,
that the Defendant, Jose Trejo, committed this
burglary.  I first brought you Mr. Adkins, and
Mr. Adkins testified he didn't give anybody
consent.  So, we can check that off.  That it
happened on August 18th, we can check that off.
That it was in Nueces County, Texas, so, we can
check that off.  That something was stolen, so,
we can check a part of that off, and that they
went into the habitation owned by J. C. Adkins.
He said, "Yeah, I lived there.  That's my home,"
so, we can check those parts.  So, now we got
to go back to enter, and did then and there with
the intent.  So, how do we know that he did then
and there with the intent?

Well, I next called a Mr. Sabsook to the
stand.  He's the fellow that just like you and I
minds his own business, goes to work as a

maintenance man.  He testifies he never goes to
work before 8:30 in the morning.  He works 8:30
to 5:00.  Those are his hours, and that morning,
he went to work, and at the Casa Linda Apartments,
and he saw two fellows he'd never seen before,
and they caught his eye, because they had red
bolt cutters, and he began to think about that,
and the fellow that was working there with him,
his supervisor who worked for Casa Linda Apartments
for twelve years and who also testified he came to
work that morning at 8:20 -- the times are important,
ladies and gentlemen -- he says, "I came to work
about 8:20, and about 8:40, 8:45, I'm not sure
of the time, a little while after I'd been at
work, I was with Mr. Sabsook.  We were working
together, and we saw two fellows."  "Can you
describe them for us?  Yeah, one was young, in
his twenties, thin.   One was old.  The old one,
how old was he?  About thirty.  Well, anything
unusual about him?  Yeah.  He had tattoos on his
arms and a limp."  You, ladies and gentlemen of
the jury, have seen this man's tattoos on his
arm.  You've seen him limp.  Those are pretty
unusual characteristics to remember.  "Well,
can you tell us how he was dressed, Mr. Sabsook,

191

Mr. Lopez?  Yes, I can.  He had on a white T-shirt,
short sleeve T-shirt.  I could see his arms, and
he had on bluejeans, and he had on a baseball
cap."  So, why did I bring you all that?  I
brought that information to prove these two
fellows were together at about 8:30, 8:45 that
morning, just 1.9 miles from where the burglary
would later take place.  Just, gosh, what, an
hour and a half before the burglary would take
place, or two hours, but then, I brought you
Janet Daehne, and one other thing before I pass
up Mr. Sabsook and Mr. Lopez, they came in and
took the stand.  I said, "Can you recognize this
man today in Court," and both of them, without
doubt in their minds, said, "Yeah, that's him.
I recognize him."  Well, then, I brought you
Janet Daehne, and how does she fit into the
puzzle?  She said, "I was home.  I was pregnant.
I was feeling lousy.  I was eating a bowl of
cereal, and I happened to look out the window
putting my bowl up, and I saw this old blue car,
blue and white car going very slow.  The driver
was passing right in front of my kitchen window.
Well, ma'am, can you tell us anything about the
driver?  Yeah, he had a baseball cap on, and he

192

a short sleeve white T-shirt.  Ma'am, could you
see his arms?  No, ma'am.  Did you see him walk?
No, ma'am.  I never saw him get out of the car.
Well, what did you see him do?  Well, he's with
the young fellow, and they went up to the front
of the house and the young fellow hopped out and
rang the doorbell, and then, I saw the young
fellow get back in the car and the car drive
away."  Well, she didn't call the Police.  She
didn't think too much of it.  Maybe they were
yardmen, but then, she sees them again later.
She goes to that window, and she thought she
heard the water running, I believe she testified,
and she went to that window, and she said she
looked out and she saw that blue car pull in her
driveway, and just like any of us would do, "What's
going on here?  It's the same blue car, but now,
there's only one man in it."  Then, she testified
the car pulled in and pulled immediately back
into Mr. Adkins' driveway.  So, now, they live
right across the street from each other, and then,
instanteously, she sees some fellow -- well, she
actually couldn't see the fellow.  First, she
says there was the fence, but she sees these
guns over the fence, and she sees this fellow come

1   out of the fence.  Here's the car, and she sees

2   the fellow there, the driver in the car with the

3   baseball cap on, reach over, unlock the door, and

4   she sees the man loading the guns and the stuff.

5   Well, immediately, she starts calling 911.  I

6   mean, she may not have called the Police earlier,

7   because it was a suspicious car, but now, there's

8   some guns leaving her neighbor's home in the same

9   blue car, and she's scared, and she calls 911.

10          Now, Defense Counsel doesn't like the fact

11   that Ms. Daehne I.D.'ed the Defendant in Court,

12   and I'll admit to you, he's the only guy here.

13   I'm certainly not the Defendant.  That's certainly

14   not the Defendant.  He is the only guy at the

15   table.  So, if you don't want to believe Ms. Daehne

16   about her eyewitness testimony, you are the judges.

17   Throw it out, but what does Mrs. Daehne tell you?

18   He had a baseball cap on, a short sleeve white

19   shirt, and he was driving the car.  Mr. Sabsook

20   and Mr. Lopez, he had a baseball cap on, a short

21   sleeve white shirt.  Now, they see his tattoos

22   and his limp.  So, we've got these little tiny

23   facts all building up.  Well, she calls the Police.

24   She's scared, man, she's scared.  Police rush on

25   over.  Sgt. Aldrighetti says he's rushing over

194

from Weber, and he's on Staples, and he sees that
blue and white car.  So, he stops behind it.  Now,
he's not just going to stop out -- this is not a
Police stake-out, up against the wall with the
guns.  I think any of us would be offended at
that if that happened to us.  So, he sits in that
car, says, "Fellow, what's the matter?" He said,
"Man, we ran out of gas." He doesn't frisk him.
He doesn't throw him against the car.  He does --
he stays on that radio, as we would expect him to
do as a good police officer, for some additional
information.  Back and forth they talk on the
radio, and he gets out when he sees the other
fellow come up, the younger fellow with the
gasoline, and I said, "Well, what was -- what
was the Defendant wearing?  A baseball cap and
a short sleeve shirt.  Did you notice anything
else about him, Sgt. Aldrighetti?  Yes, ma'am, he
had tattoos up and down his arms."

THE COURT:  You have spoken ten minutes,
Counsel.

MS. WYATT:  Okay, Your Honor.

"Did you notice anything else about him?
Yes, he had a limp." So, think about those facts,
ladies and gentlemen, three blocks from where the

PENGAD•INDY  MUNCIE, IN  47302

SF-2094

1   burglary committed within minutes of the burglary,

2   and those facts, although there's two sides to

3   this story, two very different sides, the facts

4   will not lie to you.

5          Thank you.

Counsel.

MR. JIMENEZ:  Excuse me, Your Honor?

THE COURT:  You've spoken fifteen minutes.

MR. JIMENEZ:  Thank you, Your Honor.

I have another five minutes.  I could use up all the time, but I don't think it's necessary.

God be with you.

MS. WYATT:  May it please the Court, Counsel, ladies and gentlemen.  First of all, I'd like to say this trial is not about Cruz Vela.  Second, I'd like to say this trial is not about chasing rabbit trails and yellow pickups or things that really don't tell us anything, but what this trial is about is about facts.  Now, witnesses will lie, and Defense attorneys will complain that we didn't prepare our -- our -- our evidence right, and all that can happen, but the one thing that's not going to lie to you today are these facts.  So, I wrote them down, because for fear I'd be nervous up here and I'd forget them, and the facts are so conclusive, it really puts the whole puzzle together.

Let's start with Mr. Adkins and Clark Adkins. They tell us their home was burglarized.  Nobody's disputing that.  Happened on Moray, Nueces County,

206

1   and the foreign currency belonged to Clark.  It

2   was in the home.  It was stolen.  The foreign

3   currency is important, because it's one of our

4   keys in this puzzle.  Then, we go to Mayo, and

5   what does he tell us?  Not at 7:00 o'clock, as

6   Cruz Vela would have us to believe, but 8:30, the

7   man doesn't even come to work at 7:00 o'clock.

8   The man was probably still in bed at 7:00.  Why

9   would Mr. Sabsook come up here and lie and say,

10   "Uh-huh, I'm going to tell them I was there at

11   8:30."  Why?  He's some fellow, none of us know,

12   doesn't know me, doesn't know him, just a fellow

13   that saw somebody with red bolt cutters.  Red

14   bolt cutters are important, ladies and gentlemen.

15   Red bolt cutters.  Cruz Vela had them.  Okay.

16   He positively identified the Defendant.  He told

17   me minutes before he walked in here, "Ma'am, I

18   don't know -- I don't know if I'm going to be

19   able to tell you.  If you don't, say you don't

20   know.  My gosh, you got everything else.  You got

21   the tattoos; you got the limp; you got the baseball

22   cap; you got the white T-shirt, and you got the

23   bolt cutters.  You got more evidence than you can

24   shake a stick at.  Say, you don't know.  That will

25   make you look credible."  He took the stand,

Mr. Sabsook, can you identify anyone in this room that looks like the fellow that was on your property on August 18th?  That's him."  As honest as you want to be, ladies and gentlemen.  If any one of you were witnesses in a case, would you come in and say, "Hey, I'm going to lie and say I was there at a time when I wasn't?"  This fellow's just a witness.  The State doesn't get to go out and say, "I want you and you and you."  We talked about that in voir dire.  We don't get to make a movie picture of the burglar.  If any of you are involved in anything like that, I don't think you'll have a moving picture of the act being committed.  You pick up the pieces, put them together, and you hope you can get a puzzle together.  So, let's keep going.  We've got all that, and you've got a positive I.D., but you can throw that out, if you want to, because you're the judges of the credibility of the facts.  Then, we have Ismael Lopez, another fellow.  "8:20, I came to work.  8:45, I saw a blue and white older car."  So, we've got the car again.  We've got it not far, not far away.  Golly, it's within walking distance, 1.9 miles from where the burglary is going to occur between 9:00 and 10:00.

Okay. Positively identifies the Defendant, "Mr. Lopez, is this the same man? Yeah, it is. No question in my mind." But you don't have to believe that, if you don't want to, because why would he lie and say the guy had a T-shirt on, blue jeans, baseball cap, approximately thirty years old, tattoos on his arms, and limped, and the younger man had red bolt cutters? Now, why would he lie about that? He's a fellow that doesn't know anything, just a man doing his own business. I brought them in here, ladies and gentlemen, because that places part of that puzzle together.

Okay. Then, we go up here to Janet, and Janet Daehne says, "Two men driving slowly, blue and white car." So, we've got the blue and white car. Blue and white car, blue and white car, driver, driver, driver, is in his thirties, short sleeve shirt, baseball cap, can't see the tattoos. I'm not going to lie to you. She could have lied, "Yeah, not only can I I.D. him, I can tell you about his tattoos." She told us, "Hey, I couldn't see his tattoos. I don't know if he had them. Mrs. Daehne, did he have a limp?" She could have lied, "Yeah, he

209

got out of that car and limped all around."
She could have lied, ladies and gentlemen.  What
is her motive, for Pete's sake, what is her motive?
10:15, the same blue car drives, and we've got
the blue car.  We got the blue car, the blue car,
the blue car. the blue car.  Then, she says the
young fellow's carrying the guns, and she calls
the Police. Moments later, ten, fifteen, twenty
minutes, three blocks from Moray where the
burglary occurred, they run out of gas.  Now, if
that isn't fate, I don't know what is.  Cruz says,
"Hey, Man, I'm the passenger.  I'm going to go get
some gas."  So, he hops in the pickup and goes.
He comes back, and the Defendant is still there
directing traffic.  The policeman pulls up,
Sgt. Aldrighetti, "What did you see?  The fellow
was standing out there directing traffic, blue
and white car."  Same blue and white car, ladies
and gentlemen.  No question, the Defendant, the
driver, the man standing there has a baseball
cap on, white T-shirt, tattoos on both arms and
a limp, the same man that was over here.  This
is all fitting together now, and what did you
find in the car?  Red bolt cutters.  Now, Cruz
Vela, who's a fellow who's been in the pen twice

now, is going to come in here, "Well, yeah, there
was a fellow with me.  I ain't going to tell you
his name.  I'm not going to tell you what he
looked like.  Can't remember what Trejo was wearing
that day, but we were there at 7:00."  Ladies
and gentlemen, why would Mr. Sabsook and Mr. Lopez
lie, and he says, "Yeah" -- and then, they want
to tell the story, great story, "Yeah, we drove
from 426 Garfield, clear across town, to Builder's
Square to look at some bar stools, but we're all
unemployed.  We go in there to look at some bar
stools, and, boom, we see a car we know."  Now,
the reasonable and prudent person would have
stopped with the automobile and waited, but no,
they drop Trejo off and drive off.  They didn't
know the car was out of gas.  They didn't know
what was wrong with the car.  What if the car
needed a push?  What if whomever was driving the
car needed a lift?  What was Trejo going to do,
push the car with one bad leg?  Is that reasonable,
ladies and gentlemen?  And then, they want you to
believe that Trejo stopped -- is dropped off,
and allegedly, his brother-in-law, or sister-in-
law or brother leave him.  He looks around at the
car, stuffs his pockets.  I mean, stuffs his

NO. 86-CR-1315-G

STATE OF TEXAS

VS.

JOSE TREJO

*****************************************

IN THE 319TH DISTRICT COURT

NUECES COUNTY, TEXAS

*****************************************

CHARGE OF THE COURT

MEMBERS OF THE JURY:

The Defendant,   JOSE  TREJO    , stands  charged  by indictment with the offense of Burglary of a Habitation with intent to commit  theft alleged  to have  been committed  in Nueces County,  Texas  on or  about  August 18,  1986.   The Defendant has pleaded not guilty.

1.

Our law provides that a  person commits the offense  of Burglary of a Habitation  if, without the effective  consent of the  owner, he  enters a  habitation with  the intent  to commit theft.

2.

"Enter" means to intrude  any part of  the body or  any physical object connected with the body.

"Habitation" means a structure that is adapted for  the overnight  accommodation  of  persons  and  includes  each

Exhibit (B)

separately secured or occupied portion of the structure  and
each  st   ture  appurtenant  to   or  connected  with   the
structur

3.

A person commits the offense of theft if he  unlawfully
appropriates property with  intent to deprive  the owner  of
such property.

"Appropriation" and "appropriate,"  as those terms  are
used herein, means to acquire or otherwise exercise  control
over property other  than real  property.  Appropriation  of
property is unlawful if it is without the owner's  effective
consent.

"Property" means tangible personal property.

"Deprive" means  to withhold  property from  the  owner
permanently.

"Without effective  consent" means  without consent  at
all.

"Owner" means a person who  has title to the  property,
possession of  the property,  whether lawful  or not,  or  a
greater  right  to  possession  of  the  property  than  the
Defendant.

"Possession" means  actual  care, custody,  control  or
management of the property.

4.

A person  acts  intentionally,  or  with  intent,  with
respect to the nature of his  conduct or to a result of  his

conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

### 5.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

### 6.

Now, if you believe from the evidence beyond a reasonable doubt that on or about August 18, 1986, in Nueces County, Texas, JOSE TREJO , did then and there with the intent to commit theft, enter a habitation owned by J. K. Adkins without his effective consent then you will find the Defendant, JOSE TREJO guilty of Burglary of a Habitation.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant.

### 7.

Our law provides that a Defendant may testify in his own behalf if he elects to do so. This, however, is a privilege accorded a Defendant, and in the event he elects not to testify that fact cannot be taken as a circumstance against him. In this case, the Defendant has elected not to

testify, and you are instructed that you cannot and must not refer or ‑lude to that fact throughout your deliberations or take ‑nto consideration for any purpose whatsoever as a circumstance against the Defendant.

9.

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. ←

A person is criminally responsible for an offense committed by another if acting with the intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

10.

At this stage of the trial, the jury will restrict its deliberations solely to the issue of guilt or innocence and to answering any special issues that may be presented in the Charge.

11.

In all criminal cases the burden of proof is on the State. All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial. If, after considering all

the evidence presented, any juror has a reasonable doubt
that the defendant is guilty, then that juror must vote for
a verdict of not guilty.

### 12.

The jury is the exclusive judge of the facts proved, of
the credibility of the witnesses, and of the weight to be
given their testimony. In deciding the question of guilt or
innocence or special issues, the jury shall be governed by
the law as it is stated in this Charge.

### 13.

After entering the jury room, the jury must first
select a Presiding Juror. The Presiding Juror presides over
the deliberations, speaks for the jury when it wishes to
communicate with the Court, and votes with the jury on the
issues before it. Any verdict reached must be unanimous.
Verdict Forms applicable to this case are attached to the
Charge. If a verdict is reached, it will be indicated by
the Presiding Juror signing his or her name to the
appropriate Verdict Form.

### 14.

During the deliberations, the jury may not:

(1) communicate with anyone except the Court or the
officer in charge of the jury;

(2) separate for any purpose without permission of the
Court;

(3) discuss the case except with each other in the
privacy of the jury room; or

(4) consider or discuss matters not in evidence including personal knowledge or information about any fact or person connected with the case.

Communications to the Court must be in writing. Written communications from the jury will be delivered to the Court by the officer in charge of the jury.

After the arguments of counsel, the jury will go to the jury room to begin its deliberations.

JUDGE PRESIDING

NO. 86-CR-1315-G

STATE OF TEXAS

VS.

JOSE TREJO

**********************************************

IN THE 319TH DISTRICT COURT

NUECES COUNTY, TEXAS

**********************************************

VERDICT FORMS

USE ONLY ONE FORM:

We, the Jury, find the Defendant,     JOSE   TREJO     ,
guilty of the offense of Burglary of a Habitation.

FILED

DEC 1 0 1986 @ 2:50 pm

OSCAR SOLIZ, CLERK
DISTRICT COURT, NUECES COUNTY, TEXAS
By _____ Deputy

_____
PRESIDING JUROR

OR

We, the Jury, find the Defendant,   JOSE TREJO     ,
not guilty.

_____
PRESIDING JUROR

Case 2:00-cv-00013   Document 11   Filed in TXSD on 05/02/2000   Page 32 of 54

## NO. 90-CR-1818-E

| | | |
|---|---|---|
| EX PARTE | § | IN THE 148TH JUDICIAL |
| JOSE MANUEL TREJO | § | DISTRICT COURT OF |
| THE STATE OF TEXAS | § | NUECES COUNTY, TEXAS |
| | § | |

### PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, JOSE MANUEL TREJO Petitioner herein, pro-se and respectfully submits petition for writ of Habeas Corpus, pursuant to Article 11.07, 2(b), V.A.C.C.P. (Vernon's 1998). In support hereof, PETITIONER WOULD RESPECTFULLY SHOW THIS Honorable Court as follows:

I

### CONFINEMENT AND RESTRAINT

Petitioner is unlawfully confined and restrained of his liberty by Gary Johnson, in his official capacity as Director of the Texas Department of Criminal Justice Institutional Division, (TDCJ-ID) pursuant to a void judgment and sentence in the above reference cause. A true and correct copy of Judgment and Sentence is attached to the original Habeas Corpus, marked as Exhibit (1). Copies of the originals are available to this court through the files of the District clerk's office.

II

### GROUND'S FOR RELIEF

1) Petitioner is unlawfully confined and restrained of his liberty in that void prior conviction cause NO. 15715, which was used as an element of the offense charged;

2) Petitioner allege and contend that prior conviction NO. 86-CR-1315-G is void under a fundamental defective jury charge/ instruction, (unavailable for enhancement);

Exhibit (C-)

3)  Petitioner allege and conted that the trial court erred
in denying his requested"lesser included offense instruction";

4)  Petitioner allege and contend that he was denied the
'Effective assistance of counsel' in that void prior's convictions
were used to increase charge and used for enhanbcement of punishment;

5)  Petitioner allege and contend that trial court erred in
allowing an 'unadjudicated extraneous offense' in to evidence at
punishment phase, in violation of Art. 37.07 V.A.C.C.P.;

6)  Petitioner allege and contend there's "No Evidence' to
support cause NO. 78-CR-149-E that peitioner was convicted 'On February
26, 1980 as alleged in the indictment.

III

## FACTS OF CASE

Petitioner was indicted in the above referenced cause for
the felony offense of "Possession of firearm by felon" and
"Habitual felony offender" in cause NO. 90-CR-1818-E, prior  conviction
NO. 15715 was used to elevate the charge from "Unlawfully carrying
a weapon", to "Possession of a firearm by felon."  Furthermore,

two (2) prior convictions  NO. 78-CR-149-E and No. 86-CR-1315-G,
were alleged in the indictment to be used to enhance punishment of
defendant for Habitual felony offender.  Defense counsel filed on
November 13, 1990, see Exhibit ( ), "A Motion to set aside the Indictment"
NO. 90-CR-1818-E.  Defendant was found guilty by a jury who also found
defendant had twice been  convicted, and jury sentence defendant as a
Habitual felony offender and assessed a sixty (60) year sentence.

-2-

ERROR NO. 1

FUNDAMENTALLY DEFECTIVE INFORMATION

The information in cause NO. unknown, see the exhibit (2),
was used to elevate the charge, and used as an element of the offense in
cause NO. 90-CR-1818-E. This faulty-information, prior conviction was plead
by the defendant as "not true". This court is aware that "Fundamental
defective informantion,' under the former Texas code criminal Proc. Art.
14.08 is void and trial court lacked jurisdiction, and conviction thereof
is void and may not be used to increase the charge to a third degree felony,
when a trial court renders a judgment but lacks jurisdiction to render
a particular judgment, the judgment is void, Hoang v. STATE, 872 S.W.2d
694, 698 (TEX. CRIM. APP. 1993) cert. denied ___ U.S. ___, 115 S.Ct. 177,
180 L.Ed2d 112 (1994); Adams v. STATE, 872 S.W.2d 31 - 33 (TEX.APP. - Dallas
1992 no pet.). The rule that petitioner may challenge a fundamental
defective information by way of post-conviction petition is valid.

Under the former Penal Code Art. 14.08, failure to allege
who 'owner' of property allegedly taken was, but which allege ownership
in person who 'possessed' property, is fundamentally defective. See EX
PARTE JONES, 542 S.W.2d 179 (TEX. CRIM. APP. 1976); A case on point to
instant case herein. In JOnes, supra, the indictment for Robbery by assault
which failed to allege who 'owner' of property taken was, but which did
allege ownership in person who 'possessed' property, as in the instant
case, was held fundamentally defective, and, therefore void. Further See
Roberts v. STATE, 513 S,W,2d 870 (CR.APP. 1974) when one person is alleged
to own property, but it is shown to be owned by another or by a corporation
the state has 'failed' to prove the ownership as alleged in felony theft
indictment/information, Pittman v. STATE, 532 S.W.2d 27 (CR.APP. 1976).
The information in the instant case alleges ownership in person who

-3-

'possessed' property only, i.e., Rodolfo Galvan, who was an employee for
Maverick Market, [i.e. the real owner] which was not alleged (Mr. Erich
Wendl) was the owner, see again Roberts v. STATE, supra, therefore said prior
conviction could not be used to elevate the offense charge on cause No.
90-CR-1818-E, and petitioner is entitled to habeas corpus relief accordingly:
EX PARTE JONES, supra, see also Batro v. STATE, 531 S.W. 2d 615 (TEX.
CRIM.APP. 1975); Arline v. STATE, 529 S.W.2d 73 (TEX.CRIM.APP. 1975) at
74; and Lucero v. STATE, 502 S.W. 2d 128 (TEX.CRIM.APP. 1973).  See
enclosed exhibit (2) the felony information petitioner was convicted under
the former Penal Code 14.08, V.A.P.C. (1925)

> "information failed to allege 'ownership of property' i.e.
> Mr. Erich Wendl, which was a required neccessary element under
> the former Penal code. "

Herein the instant case it is abundantly clear as reflected by the
record , i.e.  exhibit (2), that the felony information is fundamentally
defective and was unavailable to be used as an 'element' of the offense
in cause NO. 90-CR-1818-E.  Therefore, petitioner is entitled to habeas
corpus relief accordingly;  Ex parte Jones, Supra; Pittman v. STATE, supra
and Roberts v. STATE, supra.

ERROR NO. 2

FUNDAMENTALLY DEFECTIVE JURY CHARGE

Petitioner allege and contend that the prior conviction used
for enhancement cause NO. 86-CR-1315-G obtained
in the 319th Judicial District court, Nueces County, Texas is 'void' in
that the court's jury charge/instruction are fundamentally defective and
erroneous, in violation of 'due process of law.'  There should be but one
controlling application of the law to the facts and that application of
should come from the court, its absence impairs the "right to trial by

-4-

jury, and therefore by definition, is 'CULCULATE" TO injure the
'RIGHT:S OF THE DEFENDANT TO A TRIAL BY JURY:  ART.36.19, V.A.C.C.P.,
this rule of evidence and procedure are designed to provide fair trials
to all accused... Prior Conviction no. 86-cr-1315-G could and should-
not have been used for enhancement purposes. In essence petition allege
and contend that the jury charge/ instruction,the trial court 'ERROR"
when it failed to apply the'LAW OF PARTIES" to the facts of the case,
and law of parties 'm u s t' of had been incorporated within the
APPLICATION-PARAGRAPH OF JURY CHARGE; which was-not in the instant
cause no.86-cr-1315-G but, even though abstract version of Jury Charge
defined law of parties, V.T.C.A. PENAL CODE  7.01, 7.02 (a) (2). SEE
Biggins-v-State, 824s.w.2d 179 (TEX.CRIM.APP.1990); Hadden-v-State, 829
s.w. 2d 838(TEX.APP. 13-DIST. 1993) to prove Burglary of Habitation
offense the State 'MUST" establish that defentant 'ENTER" the habitation
to commit a FELONY THEFT, ( AN ESSENTIAL ELEMENT OF THE OFFENSE OF BUR-
GLARY OF HABITATION).  Throughout said trial, the State's theory was
that defendant  i. e., jose m. trejo,  aided and assisted (cruz  vela)
alleging defendant was the DRIVER of Car.  SEE EXHIBIT (5) (A) and
(S.F. P.188 lines 15-17);  also S. F. p. 193 line-3 .Further see
EXHIBIT (5-B)p. 213, lines  2----17 of S.F. .  However, the jury was
charged that 'TREJO" was the PRIMARY ACTER, all contrary to the evidence
submitted by the State of Texas,the defendant entered a Plea of'NOT-GUILT
Y. Now see EXHIBIT(4) the COURT"S CHARGE in the Application-Paragraph no.6
alleging.

> ' Now, if you believe from the evidence beyond a reasonable
> doubt that on or about August 18,1986, in NUECES COUNTY TEXAS
> JOSE M. TREJO did then and there with the intent to commit
> theft enter a habitation owned by J.K. ADKINS,WITHOUT HIS EF-
> fective consent then you willfind the defendant JOSE M. TREJO
> guilty of burgluary of a habitation, unless you so find beyond
> a reasonable doubt thereof, you will acquit the defendant.'

pg.5

As alleged throughout the trial "Trejo' was the 'driver' of
the car, the above application paragraph charges the defendant as the
primary actor, and the jury found defendant guilty of the charge offense,
all contrary to the state's evidence; See Exhibit (5)(a) and Exhibit (5)(b)
S.F. p. 190, Line 5 - 6); He did enter under the law of parties.' There-
fore, the abstract definition in No. 9 alleges criminal responsibility as
a party to an offense, if the offense is committed by his [own] conduct;
by the conduct of another for which he is criminal responsible; or, by
both.  However, the law of parties 'must' be incorporated within the
application paragraph of jury charge, in order to convict petitioner;  See
Biggins v. STATE, supra; Hadden v. STATE, supra;  Davis v. STATE 722 S.W.2d
567 (TEX.CRIM.APP. 1988); holding that it was fundamental error to give charge
worded abstractedly, i.e., a charge which did not apply the law to the facts,
further an 'objection' was made to trial courts charge for clarificaation,
See Exhibit (5)(b) (S.F. p. 213 Line 19 - 17).  Because the law of
parties was not incorporated in the charge application paragraph, denied
defendant of 'A fair and impartial trial" secured by Texas and United States
Constitutional rights.

The charge in cause No. 86-CR-1315-G is in direct violation
of Art. 36.14; 36.19 of V.A.C.C.P., and therefore, is'void' and unavailable
for enhancement purpose.  This error in the jury charge was the subject of
a 'timely objection' (S.F. p. 213, 9 - 14) in time of trial, this error is
calculated to injure the rights of defendant.  Therefore, by law the void Prior
could-not and should-have-not been used to enhance punishment on cause NO.
90-CR-1818-E, as the courts are aware a 'fundamental error' in a jury charge
is presented where it goes to the very basis of the case by failing to state
and apply the law under which the defendant is prosecuted, a shift in

-6-

the burden of proof of an 'essential element' of the crime rises to constitutional proportions and renders the trial fundamentally unfair.  Texas Const. Art 1, 10; and  U.S.C.A. Amends 5, 14.

In the instant case there is 'no evidence' to prove beyond a reasonable doubt that [Trejo] entered the habitation owned by J.K. Adkins as alleged in the application paragraph to the jury charge, see again (S.F. p. 190, line 5 - 6) Exhibit (5)(a) ... ' he did enter under law of parties.,' as noted; the law of parties was not incorporated in  the application para- graph is what gives the jury authority to convict or to acquit, proof beyond a reasonable doubt is essential under the 'Due Process Clause of the Four- teenth Amendment (14) '.  In RE Winship, 397 U.S. 358, 90 S.Ct. 1068, 35 L.Ed.2d 368 (1970):

"When such a conviction [obtained even when no rational trier

of facts could have found guilt beyond a reasonable doubt]

occurs in a state trial, it cannot constitutionally stand."

See also Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 27881, 2789, 61 L.Ed 2d 560 (1979); A jury cannot be allowed to infer that the defendant acted with the intent to promote or assist in commission of the offense by, soliciting encourage, directing, aiding, or attempting to aid the other person in its commission, because that 'element' must be proved 'beyond a reasonable doubt'. Habeas Corpus is appropriate method to collaterally attack jury charge/ instructions, Cupp v. Naughten, U.S. 141, S.Ct. 396 (1973); EX PARTE COLEMAN, 574 S.W.2d 164 (TEX.CRIM.APP. 1978). A conviction pursuant to defective instructions is subject to collateral attack for reason that the judgment of conviction obtained in 'violation of due process of law' is void for trial courts jurisdiction to enter a judgment; Hoang v. STATE, 872 S.W.2d 694 (TEX. APP. 1993).  Even though abstract instructions were given, However,

-7-

'mere juxtaposition does not amount to authorization' to convict on the
law of parties.  Failure of the charge to apply the law to the facts, in this
case calculated to injure the rights of defendant to a trial by jury, it
deprived defendant of a neutral and unbiased application of law.  Had the
court of appeals which is the final arbiter review if there was 'error' of
omission or commission in the jury charge when case was first appealed
it would had found that error exist  and it denied the defendant from receiving
a fair and impartial trial, it was the courts-legal-duty not to let fundamental-
error in a charge go unnoticed, Art. 36.19 V.A.C.C.P., AND ART. 5, Sec. 5,
Texas Constitution.  It has been the law of the state, 'A fundamental
error cannot be waived.'

### ERROR NO. 3

#### REQUESTED LESSER INCLUDED OFFENSE

Petitioner contends that the State of Texas 'evidence' concerning
identity of defendant in prior conviction NO. 15715 raised the issue of the
lesser included offense; Yeager v. State, 737 S.W.2d 953.  The indictment
NO. 90-CR-1818-E charges petitioner [Jose M. Trejo] with being a convicted
felon by virtue of cause No. 15715, Robbery by Assault, in the 105th District
Court in Nueces County, Texas (no date when conviction was committed).

The only proof of the prior conviction offered as evidence was a
'pen packet', the packet showed that conviction was in Nueces County, Texas
105th District Court  and a felony information was included in the packet.
But information does not bear a cause number to correspond with indictment
as being for cause No. 15715.  A motion was filed on November 13, 1990 to
set aside the indictment No. 90-CR-1818-E See exhibit (6).  From the above
affirmative evidence and the appearance of the defendant before jury, it
might well have believed pen packet did not agree with all of the state's
allegations of the indictment and that same person shown by the pen packet
to have been convicted.  Whether or not the petitioner was a convicted felon

-8-

was the single element that would elevate the offense of "Possession of
Firearm by Felon" to a lesser charge of 'Unlawfully carrying a weapon.'
Trial court 'erred' in 'rejecting' the requested lesser included offense
instructions.  Herein, if the petitioner was not the same person of the
subject pen packet, then he could be guilty of a lesser included offense
of 'Unlawfully carrying a weapon.'  See Bell v. State, 693 S.W.2d 434
(TEX.CRIM.APP. 1985).  That court concluded it was 'error' for the trial
court to refuse the requested charge.  The jury was left with no alternative
but to convict for the greater offense or acquit.  Petitioner plead 'Not
guilty' to the offense charge, in that indictment NO. 90-CR-1818-E
does not allege when the prior conviction was committed.  The petitioner's
own testimony is evidence, and it raises the issue of a lesser included
offense charge, and requested charge 'must' had been submitted to the jury,
(the trier of facts) as it was properly requested.  In Hunter v. State 657
S.W.2d 657 (TEX.CRIM.APP. 1983); that court stated,'then it is the
jury's duty under the proper instruction to determine whether the evidence
is credible and support the lesser offense.'  As stated above the petitioner's
own testimony raised the issue of a lesser included offense and surely
the petitioner's plea of 'not guilty' to the charged raise the issue of
of a lesser offense instruction.  Trial on the guilt or innocent phase of
the trial - depriving defendant of a fair and impartial trial secured to
all accused by Texas Constitition Art. 1, 10; and the United States Con-
stitution Amend 14.

## ERROR NO. 4

## INEFFECTIVE ASSISTANCE OF COUNSEL

It is fundamental that an accused in a criminal proceeding is
entitled to effective assistance of counsel under Art. 1§10, and the
Six Amendment of the United State Constitution and this fundamental right

is made applicable to the state through the Fourteenth Amendment.  Gideon
v. Wainright, 372 U.S. 335, 83 S.Ct. 793, 9 Ld2d 799 [1963].  The 6th
Amendment right to counsel is clearly necessary in order to effectuate just
results within the adversarial system.  See  Strickland v. Washington,
466 U.S. 668, 104 S.Ct 2052, 2063, 80 L.Ed 2d 674 (1984).  The corresponding
law in Texas is provided under Texas Constitution Art. 1 § 10, and

Texas Code Crim. Proc. Art. 1.05 (Vernon's 1977).

Trial counsel 'erred' in failing to investigate prior convictions
NO. 15715 and NO. 86-CR-1315-G. Had counsel reviewed the indictment and
pen packets he would had discovered that;

A)  Prior information charge No. unknown is void;

B)  Prior information charge does not allege a cause No. #;

C)  Prior conviction 86-CR-1315-G was void, under a fundamental-charge

D) Defendant has never been convicted 'On February 26, 1980'

as alleged in the indictment No. 90-CR-1818-E;

E)  Counsel would have discovered indictment No. 86-CR-1315-G

was defective under V.T.C.A. Penal Code 12.42 (d).

'and that the second previous conviction was for an

offense that occurred after the first previous

conviction became final'.

The courts have held that 'conviction' in 12.42(d) requires
a valid conviction for enhancement, quite simple, [I]f  conviction is void.
The state has insufficiently proved a factual element, i.e., 'that the
defendant had a prior conviction.'

A prior conviction based upon a 'Fundamental defective information',
is void and thus, was unavailable to be used as an element of the offense;
See EX PARTE Rivers, 559 S.W. 2d 659 (TEX.CRIM.APP. 1977); EX PARTE Strewart,
582 S.W.2d 144 (TEX.CR.APP. 1979); Barney v. State, 614 S.W.2d 834 (TEX.

-10-

CR.APP. 1981).

A prior conviction based upon a 'fundamentally defective jury charge/instruction' is void and thus, was unavailable for endhancement purpose.  See Biggins v. State, 824 S.W.2d 179 (CR.APP. 1992);  Davis v. State, 722 S.W.2d 563 (APP. 10 Dist. 1989);  Krueger v. State, 843 S.W.2d 726 (APP. 3rd Dist. 1992);  Hadden v. State  829 S.W.2d 838 (TEX.APP. 13 Dist. 1993).

Herein the instant case, it is abundantly clear as reflected from the record, i.e., exhibits (2) and (4) that prior convictions were void and could not be available  as an element of the offense, and unavailable for enhancement purposes,petitioner is entitled to habeas corpus relief accordingly;  Strickland v. Washington, supra.  It is submitted to this court that the language of the Supreme Court still has some application in that '[i]f the right to counsel guaranteed by the Constitution is to serve its  purposes, petitioner can't be left to the mercies of incompetent counsel.' McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441 [1970].  Without a doubt these two (2) void prior convictions did contributed to the outcome of the trial, and the jury sentenced petitioner to a sixty [60] year sentence for being a habitual felony offender.

### ERROR NO. 5

Trial courts error in allowing into evidence unadjudicated  extraneous offense

---

The Texas Court of Criminal Appeals in Cliburne v. State, 661 S.W. 2d 731 (TEX.CR.APP. 1983) stated; thought the state was entitled to show that defendants probation had been revoked it was not entitled to show details of unadjudicated extraneous offense serving a basis for that revocation, and 'error' in admitting penitentiary packet referring to the extraneous offense was harmful.

The state's counsel at petitioner's punishment phase introduced

-11-

to the jury pen packet No. 78-CR-149-E.  Petitioner counsel 'objected' to
state's evidence, in that, cause No. 78-CR-149-E was a probated sentence
and to prove that prior conviction was a final conviction, the state had
to introduce evidence showing probation was revoked.  Petitioner contends
that trial court 'erred' and committed reversable error by admitting over
counsels objection, that states exhibit pen packet No. 78-CR-149-E contained
a 'Motion to Revoke' probation.  Petitioner's argument is that this said
Motion to Revoke probation referred to an unadjudicated extraneous offense
by reciting that :  See Exhibit (8);

> "The defendant, Jose Trejo, on or about November 28, 1979 in
>
> Nueces County, Texas, did then and there unlawfully while in
>
> the course of committing theft and with intent to obtain property
>
> of Eva Gonzalez, namely, United States currency, without the
>
> effective consent of the said Eva Gonzalez, and with intent to
>
> deprive the said Eva Gonzalez of property, did then and there
>
> by using and exhibiting a deadly weapon, to wit: a pistol
>
> intentionally and knowingly threaten and place Eva Gonzalez in
>
> fear of imminent bodily injury  and death and in so doing has
>
> violated terms and condition (A) of his adult probation, to wit:
>
> commit no offense against the laws of the State or of any other
>
> State or of the U.S."

Petitioner swears under penalty of purjury, he was never tried
nor convicted of the  above offense.

Petitioner acknowledges that the facts of revocation of
probation can and have to be proved, and shown.  However, Art 37.07
V.A.C.C.P. prohibits introduction of any evidence of extraneous offenses
not resulting in a final conviction.  Counsel for defendant 'objected' spec-
ifically and timely to the particular facts of the extraneous offense that
constituted the violation of probation, that made the basis for revoking it.

-12-

ITS AND EXTRANEOES OFFENCE' and its not a Final conviction to had been considered as Evidence by the State further it also sets out the details of extraneous- offence, petitioner further claims thatEXTRANEOUS _OFFENCES are (INADMISSIBLE) under ART. 37.07, V.A. C. C.P.: as this court is aware the state is entitled to show that the Probation was Rvoked , how ever is not entitled to show the details of the offence that was the basis for the revocation. Counsel Objection should had been Sustain by trial court. this prior conviction's No. 78- cr-149-e and 86-cr-1315-G and further extraneous- offence mention on Motion to Revoked was the States Evidence to Jury at the punishment phase of trial ; Jury awarded the Petitioner A SIXTY (60) year sentence.

> Blanton- v - State, 633 s.w.2d 903 ( Tex. Cr. App. 1982):
>
> Ramsey-v- State, 575 s.w.2d 535 ( Tex. Cr. App. 1978):
>
> Sherman -v- State 537 s.w. 2d 262 (Tex. Cr. App. 1976).

Counsel further filed on November 13, 1990 a "MOTION IN LIMINE" see enclose Exhibit ( 9).

## ERORR NO. 6
### NO EVIDENCE SUPPORTING INDICTMENT"S ALLEGATION

There's "NO EVIDENCE' in the Record, and there was no-evidence offered to the Jury showing that defendant was convicted on cause no. 78-cr-149-e on such Date as alleged in the Indictment no.90-cr-1818-e. The indictment specifically alleges the words (ON FEBRUARY 26 1980} in describing the date of Prior Conviction no.78-cr-149-e, this is contrary to the PEN-PACKET OFFERED to Jury, and States Argument to jury at punishment phase of Trial, was that prior conviction was Final on April 24-1978.

(AGAIN, INDICTMENT ALLEGES ON FEBRUARY 26-1980).

There's NO-EVIDENCE showing a prior conviction ...ON FEBRUARY 26-1980 as alleged in the indictment no.90-cr-1818-e. As this court is aware EVERYTHING ALLEGED ON AN INDICTMENT "M U S T " BE PROOF. The special issue was submitted to the (TRIER OF FACTS) and was answer Affirmatively, SEE Jury's Verdict Form, EXHIBIT(10) pg.6.

> "we the jury also find beyond a reasonable doubt defendant
> has been convicted of two(2)felonies as alleged in the indictment.

Consequintly,by referring to the indictments allegation on cause no. 90-cr-1818- e, the same are made a part of the verdict as much, as if the jury had 'EXPRESSLY" incorporated the charging part of the indictment in their verdict. now, how do the verdict read?

> "we the jury, further find beyond a reasonable doubt that the
> defendant has been previously convicted of two(2) felonies
> as alleged in the indictment..'

Now, see indictment cause no.90-cr-1818-e, it alleges the first previous for burglary on february 26-1980...

There's WAS-NOT one single piece of evidence before the Jury showing a conviction (ON FEBRUARY26-1980) as alleged in the indictment. The COURT OF CRIMINAL APPEAL in WARD-v-State, 829 s.w.2d793 stated, it will not allow the State to maintain a conviction where it HAS-NOT matched it,s proof to the indictment under which it charged the defendant. Further, this court should be the 'COURT-CHARGE" did-away with the DATES of the two(2)alleged prior convictions. And the application charge to the jury is whatgives the AUTHORITY to find defendant's prior conviction "TRUE OR FALSE. If the date of prior conviction,on February 26-1980 as stated in Indictment, and punish-ment charge instruction's DID-NOT correspond, then the Jury could not found beyond a reasonable doubt that conviction no.78-cr-149-e was on FEBRUARY 26-1980.

Since the State 'fail' to meet its 'BURDEN OF PROOF" the proper remedy is a 'REVERSAL AND REMAND". See Mc-Ginnis- v-State,746 s.w.2d 479; Glorisso-v-State, 753 s.w.2d 454; Sherman-v-State,750s.w.2d 855; Foster-v-State, 727s.w.2d 45. In Russell-v-State, 790s.w.2d 658,the Magority Opinion holds that.

> 'a harmless error analysis should not be undertaken
> when the State Fails to meet it's burden of proof
> (to sustain an element of the primary offence'or'
> an element of an enhancement allegation).

Trialcourt committed REVERSABLE- ERROR in failing to incorporate the DATES of thealleged prior convictions in COURT's JURY CHARGE INSTRUCTIONS. Seeexhibit (10)instruction no.5 pg.(2and3).

## PRAYER FOR RELIEF

Wherefore premises, considered, Petitioner Repectfully request that this Honorable Court REVERSE cause no.90-cr-1818-E, for all the above error and such other Relief as this Court finds Petitioner is entitled to, IN THE INTEREST OF JUSTICE AND EQUITY AT LAW.

Repectfully Submitted

JOSE MANUEL TREJO
3001 s. Emily Dr.
Beeville, Texas 78102

pg.14

## PRAYER

Wherefore, Petitioner Prays this Honorable Court,after Expiration of the Time within which the Attorney representing the State may file his answer to conduct an Evidentiary Hearing, make findings of facts, and thereafterdirect the clerk to transmit the record thus developed to the Court Of Criminal Appeal for further action by that court, GRANTING Petitioner the Relief to which he is justly entitled to as a matter of Law.

JOSE MANUEL TREJO   PRO-SE

## AFFIDAVIT IN FORMA PAUPERIS

I JOSE MANUEL TREJO, Petitioner herein, declare that I am unable to pay the cost incident to this proceeding, or to give Security therefore, pursuant to 132-001 -132-003  TEXAS CIVIL PRACTICE CODE REMEDIES, on this the _21_ day of _OcTobER_ 1999.

JOSE MANUEL TREJO   PRO_SE

## VERIFICATION

I JOSE MANUEL TREJO, do hereby verify that I am thePetitioner herein, that my address is 3001 S. Emily Dr., Beville, Texas 78102 that I am an Inmate ofthe T.D.C.J.-ID AND , that the allegations presented herein are TRUE and CORRECT, EXHIBITS" are TRUE copys of ORIGINALS in file pursuant to  132. 001 - 132.003, TEXAS CIVIL PRACTICE & REMEDIES CODE on this the_21_ day of _O cTobsp_ 1999.

Submitted   by,

JOSE MANUEL TREJO   PRO-SE

3001 S. Emily Dr.

Beeville, Texas 78102

pg. 15

*Exhibit T (p #D.*

NO. **90 CR 1820** E

STATE OF TEXAS VS. **Jose M. Trejo**
IN THE DISTRICT COURT, **148** TH JUDICIAL DISTRICT
NUECES COUNTY, TEXAS

## PLEA BARGAINING AGREEMENT

**TO THE HONORABLE JUDGE OF THE COURT:**

Upon inquiry by the Court before acceptance of the Defendant's plea of guilty or plea of nolo contendere notice is hereby given that there exists a plea bargaining agreement between the State, the Defendant, and the Defendant's Attorney.
Under the terms of that agreement, the Defendant,

**Jose M. Trejo**, agrees to plead guilty or <u>nolo</u> <u>contendere</u> to the offense of **Aggravated Robbery**.
Defendant and his attorney ( X) agree ( ) do not agree that Defendant be punished as recommended by the State. Defendant ( X) agrees ( ) does not agree to waive and withdraw all pretrial motions filed in the cases.
In consideration of the Defendant's plea of guilty or nolo contendere the State agrees to:

( ) Prosecute only on Count _____ of the indictment;
( ) Prosecute only on the lesser included offense of

_____;

( ) To recommend to the Court Class A Misdemeanor punishment pursuant to Section 12.44, P.C.;
(X ) To consent to the Court's consideration of the following unadjudicated offense in determining sentence for the offense or offenses of which Defendant stands adjudged guilty;

**90 CR 1819 E  AND  90 CR 1822 E,
148 th District Court, Nueces
County, Tx.**_____;

( ) To recommend that punishment be assessed at:

**35**_____ years in the Texas Department of Corrections

_____ months in Nueces County Jail

$____**-0-**____ fine.
( ) To recommend that the sentence on the punishment assessed be suspended and that the Defendant be place on probation for a term of _____ years;
( ) Make no recommendation of punishment;

MAR 27 1991

15

DISTRICT CLERK
COURT, NUECES COUNTY, TEXAS
Deputy

(   ) Make no recommendation on the punishment to be assessed;

(   ) Make no recommendation on whether the Court should grant probation;

( X ) To dismiss the following unadjudicated offenses pending against the Defendant: 90 CR 1819 E    AND

90 CR  1822E.                                                ;

( X ) Other agreements:

    State will not prosecute
    Michelle Pena for perjury as
    a result of testimony in 90CR1818E
    DEFENDANT WILL DISMISS APPEAL IN 90CR1818E

The Defendant has been advised and understands that in the event that the Court rejects this agreement, the Defendant will be permitted to withdraw his plea of guilty or nolo contendere and no statement or other evidence received from him during the plea may be admitted against him on the issue of guilt or punishment in any future criminal proceedings as provided in Article 26.13, C.C.P.  The Defendant further understands that if the Court sets a punishment at or below the punishment recommended by the prosecutor and agreed to by the Defendant and his attorney, no appeal of his conviction is possible without the permission of the Court except on those matters which have been raised by written motion filed before trial.

x _____        x _____
DEFENDANT                                 COUNSEL FOR THE STATE

_____
COUNSEL FOR THE DEFENDANT

Form 810

FOR SALE BY ROYER & SCHUTTE COMMERCIAL PRINTING DIVISION

# CRIMINAL DOCKET

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS |
|---|---|---|

THE STATE OF TEXAS
VS.

CR90-001820-E G   6  09/27/1990
TREJO, JOSE MANUEL
SID:   49727  DOB:  01/09/1954
AGGRAVATED ROBBERY
25,000.00 BOND; JUDGE B. GARZA

Patrick McBride

**CR90-001820-E G   6  09/27/1990**
**TREJO, JOSE MANUEL**
**SID:   49727  DOB:  01/09/1954**
**AGGRAVATED ROBBERY**
**25,000.00 BOND; JUDGE B. GARZA**

| OFFENSE | DATE OF FILING |
|---|---|
| | MONTH | DAY | YEAR |

FEE BOOK
VOL.      PAGE

INFORMATION OR INDICTMENT
WITNESSES

MINUTE BOOK
VOL.      PAGE

## DATE OF ORDERS — ORDERS OF COURT

| MONTH | DAY | YEAR | |
|---|---|---|---|
| 1 | 21 | 91 | Both sides present. Nyt is Cont granted until 2/9/91. |
| 2 | 19 | 91 | Both sides present. State needs one witness. Case Reset for 2/25/91 |
| 2 | 25 | 91 | Both sides present & ready for trial. |
| 3 | 27 | 91 | Defendant ___Jose M. Trejo___ pleads guilty, waives jury in person in open court in writing with consent and approval of the state's counsel. Evidence introduced. Plea of guilty or plea of ~~Nolo Contendere~~ entered at confinement in the penitentiary of Texas for a term of ___35___ years. Defendant waives time and is duly sentenced to serve not less than ___ nor more than ___ years in the penitentiary of Texas in a manner prescribed by law. |

Nolo Contendere to this case, True to other
Aggravation. Dism Appeal 90-CR-1818-E
due to the plea to this cause. Dism 90-CR-1822-E

J/m. Garza
CrRep: H. Garcia
Asst D.A.: R. Huddleth
Def. atty: P. McGuire
Clrk: L. Grid

(E) 1
Exhibit 3

Judgment Page 1

NO. 90-CR-1820-E

THE STATE OF TEXAS                    IN THE 148TH DISTRICT

V.                                    COURT

JOSE TREJO                            NUCES COUNTY, TEXAS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE THE COURT
WAIVER OF JURY TRIAL -- REPEAT FELONY OFFENDER

a. Synopsis Of The Judgment

---

Judge Presiding:                      Date of Judgment:
Margarito GARZA                       March 27, 1991

---

Attorney For The State                Attorney For The Defendant
ROY HUDSPETH                          CARL LEWIS

---

Offense Convicted                     Date Offense Committed
Of: AGGRAVATED ROBBERY                SEPTEMBER 13,1990
    AND REPEAT FELONY OFFENDER
Degree: FIRST

---

Charging Instrument:    Indictment    Plea;  Guilty

---

Terms of plea bargain:    A copy of the written plea agreement is
                          attached to the judgment.

---

Plea To Enhancement Paragraphs:
First previous conviction: TRUE
Finding first previous conviction;  TRUE

---

Findings On Use Of Deadly Weapon;  NONE

---

Date Sentence Imposed;  MARCH 27, 1991   Costs:  $  337.50

---

Punishment And Place Of Confinement:

Term Of Confinement:  THIRTY FIVE YEARS

FINE:  NONE

Place Of Confinement: INSTITUTIONAL DIVISION OF THE TEXAS
DEPARTMENT OF CRIMINAL JUSTICE

Date to Commence:  MARCH 26, 1991

---

Time Credited:                        Total Amount Of Restitution/Reparation
194 DAYS                              NONE

---

Concurrent Unless Otherwise Specified.

---

15221                    Exhibit -(F)                    12
                            (⬤)

THE STATE OF TEXAS V. JOSE TREJO
JUDGMENT -- 90-CR-1820-E

### b. Text of Judgment

This case was called for trial on MARCH 27,1991. The parties appeared and announced ready for trial. The following attorneys appeared: for the State-- ROY HUDSPETH; for the defendant-- CARL LEWIS. The defendant was personally present with his counsel during the trial.

The defendant waived trial by jury. The Court approved the waiver after finding that all of the requirements of Article 1.13, Texas Code Of Criminal Procedure, had been met.

Defendant waived reading of the indictment and entered a plea of guilty to the offense charged and true to the previous conviction alleged. The Court as to the existence of any plea bargaining agreement. The parties informed the Court that one existed and advised the Court of its terms. Before making any finding on the plea the Court informed the defendant that it would follow the agreement.

Before accepting the plea, the defendant was advised by the Court of the elements of the offense, of the applicable range of punishment, and further admonished as required by Article 26.13, Texas code of Criminal Procedure. The defendant was further advised that if the defendant was not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

Before accepting the plea, the Court found that the defendant was mentally competent; that his plea was being made knowingly, freely, and voluntarily; and that, based on representations by defendant and his counsel, he had received effective assistance of counsel.

Evidence was submitted on the issues of guilt and punishment.

The Court accepted the defendant's plea of guilty, and based on the evidence submitted, the Court finds beyond a reasonable doubt that the defendant is guilty of the offense of AGGRAVATED ROBBERY, a felony of the FIRST DEGREE, and that the defendant has been previously convicted of one felony as alleged in the indictment. The Court finds that the defendant is a repeat felony offender and assesses punishment at confinement in the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a TERM, of THIRTY FIVE YEARS and by a FINE of NONE.

15222

Case 2:00-cv-00013   Document 11   Filed in TXSD on 05/02/2000   Page 52 of 54

In accordance with these findings, it is ordered, adjudged, and decreed that the defendant is guilty of the offense of AGGRAVATED ROBBERY, afelony of the FIRST DEGREE; that defendant is a repeat felony offender; that the defendant be punished by confinement inathe INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a TERM of THIRTY FIVE YEARS and by a fine of NONE; and that the State of Texas have and recover of the defendant all costs for this presecution in the amount of $_____ and the fine for which first execution issue,

The Court finds beyond a reasonable doubt that the offense was committed on SEPTEMBER 13,1990.

B     Before pronouncing sentence, the defendant was asked if there was any reson why sentence should not be pronounced. The defendant gave no reason to prevent sentenwing. In open court, in the presence of defendant and defendants counsel, the court pronounced sentence as follows:
"

It being the judgment of this court that the defendant, JOSE TREJO is guilty of the offense of AGGRAVATED ROBBERY, a felony of the FIRST DEGREE; and that his punishment be by confinement in the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE for a term of THIRTY FIVE YEARS and by a FINE of NONE, it is the order of this court that the punishmentbe carried into execution in the manner prescribed by law. The Sherriff of Nueces County, or an authorized agent of the State of Texas, is hereby ordered to deliver defendant to the INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE to begin serving his term of confinement. The State of TEXXS shall have and recover of Defendant the fine and costs of this prosecution, for which let execution issue against defendanbs property. Dfefendant is remanded to jail to await his transfer to the penitentiary.

Sentence was pronounced on MARCH 27,1991.

Sentence shall commence on MARCH 27,1991.

The defendant is given credit for _194_ DAYS on his sentence for the time spent in jail in this case between the date of his arrest abd the date of his sentenwing.

Signed on this date APRIL- MAY- _7_, 1991

_____
MARGARITO GARZA
JUDGE PRESIDING

CR90-001820-E G   6  07/27/1990
TREJO, JOSE MANUEL
SID:     49727   DOB: 01/09/1954
AGGRAVATED ROBBERY     :# 31347
25,000.00 BOND; JUDGE B. GARZA

INC  9009201137 3ID     49727
TREJO, JOSE MANUEL
DOB 01/09/1954
AGGRAVATED ROBBERY     31347

Mag.Ct. No.:
BOND: 25,000 00   By: [signature]

NO. 90-CR-1820-E

THE STATE OF TEXAS VS. JOSE MANUEL TREJO

CHARGE: AGGRAVATED ROBBERY AND HABITUAL FELONY OFFENDER

COURT: _____

* * * * * * * * * * * * * * * * * * * * * *

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

     The duly organized Grand Jury of Nueces County, Texas, presents in the District Court of Nueces County, Texas, that

JOSE MANUEL TREJO, defendant,

on or about September 13, 1990, in Nueces County, Texas, did then and there while in the course of committing theft of property and with the intent to obtain and maintain control over the property, intentionally and knowingly threaten Cornado Moya with and place him in fear of imminent bodily injury and death by using and exhibiting a deadly weapon, namely a firearm

AND THE GRAND JURY further presents that the Defendant, Jose Manuel Trejo, has previously been convicted of three felonies, the first previous conviction being for Robbery by Assault, on October 17, 1973, in Cause Number 15715, styled The State of Texas vs. Joe Manuel Trejo, in the 105th District Court of Nueces County, Texas, and the second previous conviction being for Burglary, on April 24, 1978, in Cause Number 78-CR-149-E, styled The State of Texas vs. Jose Trejo, in the 148th District Court of Nueces County, Texas, and the third previous conviction being for Burglary of a Habitation, on December 10, 1986, in Cause Number 86-CR-1315-G, styled The State of Texas vs. Jose Trejo, in

SEP 27 1990
COUNTY, TEXAS
Deputy

ExhibiT 'G'

the 319th District Court of Nueces County, Texas, and that
the second previous conviction was for an offense that
occurred after the first previous conviction, and that the
third previous conviction was for an offense that occurred
after the first and second previous convictions

against the peace and dignity of the State.

FOREMAN OF THE GRAND JURY