United States District Court
Southern District of Texas
ENTERED

JUL 28 2000

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE MANUEL TREJO, | § | |
| Petitioner, | § | |
| V. | § | C.A. NO. C-00-13 |
| | § | |
| GARY JOHNSON, DIRECTOR, | § | |
| TDCJ-ID | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, ("TDCJ-ID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se* and *in forma pauperis,* petitioner filed this habeas corpus petition, pursuant to 28 U.S.C. §§ 2241 and 2254, on January 8, 2000. Petitioner makes a number of claims, most having to do with his contention that the plea bargain he entered into at the time of his conviction was invalid and that he unknowingly gave up his right to appeal his conviction. Respondent filed a motion to dismiss plaintiff's claims as time-barred (D.E. 7) and petitioner responded (D.E. 8, 11). Both parties were sent notice that the motion to dismiss would be treated as a motion for summary judgment on the issue of limitations (D.E. 9). Respondent reserved the right to address the issue of exhaustion of remedies.

## BACKGROUND

Following a plea of not guilty, petitioner was convicted by a jury on February 27, 1991 of being a felon in possession of a firearm and a habitual felony offender in the 148th District Court of Nueces County, Texas in Cause No. 90-CR-1818E. He pled true to the enhancement

1

paragraphs and was sentenced to serve 60 years in TDCJ-ID (State Writ App. No. 9,544-13, p. 17). Petitioner filed a notice of appeal, but subsequently withdrew it (State Writ App. No. 9,544-13, p. 93).

Petitioner filed two applications in state court challenging his conviction: State Writ Application No. 9,544-06, which was filed September 3, 1992 and denied without written order by the Texas Court of Criminal Appeals on November 18, 1992 and State Writ Application No. 9,544-13, which was filed on October 26, 1999 and dismissed according to Art. 11.07, Sec. 4, V.A.A.C.P. on December 8, 1999. (See state court records, D.E. 10.) Petitioner filed the application for federal habeas corpus relief now under consideration on January 8, 2000 (D.E. 1). Petitioner has filed other applications for federal habeas corpus relief challenging other convictions, but no other applications are currently pending.

## APPLICABLE LAW

Petitioner's claims are analyzed under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA was passed and became effective on April 24, 1996. 28 U.S.C. § 2254 (West 1996). Petitioner filed his current petition on January 8, 2000 and is subject to its provisions. Williams v. Cain, 125 F.3d 269, 274 (1997), cert. denied, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998); Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Respondent argues that the application is time-barred. Relevant to the deadline for filing an application for writ of habeas corpus, 28 U.S.C. § 2244, provides the following:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

2

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In U.S. v. Flores, 135 F.3d 1000 (5th Cir. 1998), cert. denied 119 S.Ct. 846, 142 L.Ed.2d 700 (1999), the Fifth Circuit held that prisoners are entitled to a reasonable time after the AEDPA became effective to file petitions for collateral relief under 28 U.S.C. §§ 2254 and 2255. The Court further found that a reasonable period under AEDPA for causes of action accruing prior to April 24, 1996 would be one year from the date it was enacted, or April 24, 1997. Id., 135 F.3d at 1006. In addition, a properly filed state habeas petition tolls the Flores grace period as well as the limitations period itself. Fields v. Johnson, 159 F.3d 914 (5th Cir. 1998).

Respondent argues that in order for petitioner's application to be timely, he should have filed it on or before April 24, 1997. Because he did not file it until January 8, 2000, it is barred by the statute of limitations. Also, because he did not file his second state application until after the limitations period had run, the limitations period was not tolled.

3

Respondent counters that because he did not learn that he might have a cause of action in this matter until July or August 1999, the statute of limitations should not have begun to run until that time. However, a cause of action accrues when the legal wrong is completed and the plaintiff becomes entitled to commence his suit, even if he remains unaware of the injury. <u>Winters v. Diamond Shamrock Chemical Co.</u>, 149 F.3d 387 (5th Cir. 1998). Also, a statute of limitations is not tolled by a lack of knowledge of applicable filing deadlines, a plaintiff's unfamiliarity with the legal process, nor the fact that a plaintiff is not represented by counsel. <u>Barrow v. New Orleans S.S. Ass'n</u>, 932 F.2d 473 (5th Cir. 1991). Accordingly, petitioner's application for habeas corpus relief should be DENIED because it is time-barred.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be DISMISSED with prejudice as time-barred. Respondent's Motion to Dismiss, (D.E. 7), should be GRANTED.

Respectfully submitted this 26 day of July, 2000.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. §

4

636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>Douglass v. United Services Auto Ass'n</u>, 79 F.3d 1415 (1996) (en banc).