IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI, DIVISION

JOSE MANUEL TREJO
  PETITIONER

VS.                                          CIVIL ACTION NO. C-00-13

GARY L. JOHNSON, DIRECTOR
TEXAS DEPARTMENT OF CRIMINAL JUSTICE
  RESPONDENT

United States District Court
Southern District of Texas
FILED
AUG 1 0 2000
Michael N. Milby, Clerk of Court

## OBJECTIONS TO "MEMORANDUM AND RECOMMENDATIONS" AS TO DISMISS PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

  NOW COMES JOSE MANUEL TREJO, PETITIONER PRO-SE HEREIN AND FILES his OBJECTIONS to MAGISTRATE "MEMORANDUM AND RECOMMENDATION" RESPECTFULLY ASK this COURT to CONSIDER the OBJECTIONS AND to NOT-ADOPT the MAGISTRATE Recommendation that was submitted 26 day of July 2000.

  IN SUPPORT there of, the PETITIONER would show this COURT the REASON's AND CITED CASE LAW AUTHORITY AS follow:

### OBJECTION NO 1.

  PETITIONER AGREE's both PARTIES WERE SENT 'NOTICE' RESPONDENT MOTION to DISMISS would be TREATED AS A MOTION FOR SUMMARY JUDGMENT ON ISSUE OF LIMITATION.

  The RESPONDENT WAS "ORDER" by MAGISTRATE Ellington

on the 13th day of April 2000, to File:

1) STATE Habeas Corpus Records; -AND-

2) Proof petitioner did not seek DISCRETIONARY-REVIEW

Petitioner was granded 20-day's from the date of the 'ORDER' to challenge the accuracy of the RECORDs relied upon the Respondents. The Civil Docket #00-CV-13 shows Court recieved on 4/26/00 state Court Records, However the Respondent did not-mail copy of documents [i.e. habeas Corpus Records] they were relying upon to support Summary Judgment in their favor.

Petitioner object's to memorandum and Recommendation of the Courts Magistrate, in that, He was not given an opportunity to contest the states Court habeas Corpus Record. The Respondent committed procedural default SEE D.E. 6 pg. 2. it provides: "IT is Further ORDERED that each party SHALL [i.e. Mandatory] SERVE the other party, or counsel, with a copy of every pleading, motion, or other paper submitted to the Court for consideration... pg. 3." Furthermore, every pleading, motion, or other document SHALL [i.e. mandatory] include on the original a signed Certificate stating the date on which a true and correct copy of the pleading, motion, or document [i.e. habeas Corpus Record] WAS MAILED AND to whom mailed. <u>Failure to mail a copy thereof as CERTIFIED</u> will subject the party to 'SANCTIONS' by the Court Sanctions may include, but not limited to, Automatic striking of pleading, motion, or other document.

Petitioner plead to this Court to strike the Respondents motion as Time-barred, in that, petitioner was not allowed by respondent to 'contest' the accuracy of the record, as ORDEr by Magistrate <u>Ellington</u> on the 13th of April 2000.

Continue

# OBJECTION NO. 2.

Petitioner objects to Magistrate 'Memorandum and Recommendation' in that, under the "DISCOVERY RULE" a cause of action accures when Petitioner/Plaintiff discovers he has been harmed, in violation of his CONSTITUTIONAL-RIGHTS secured by the UNITED STATES CONSTITUTION Amendment Six (6), Fourteenth (14).

Under the TEXAS Discovery Rule, cause of action may accure for purposes of ripeness when the legal wrong is consummated, but the STATUTE of Limitations is tolled until the plaintiff discover's or through the EXERCISE of REASONABLE CARE AND diligence should have discovered, the nature of his injury 28 U.S.C §§ 2244 (d). discovery that petitioner was harm by "Involuntarily" waiving his Rights to Appeal his case was on July-August 1999. Petitioner diligence with reasonable care Filed his STATE WRIT on October 26-1999; FEDERAL WRIT was Filed January 8-2000. The Petitioner's WRIT of habeas corpus claims should not be Dismiss as Time-barred, in that, 1) his claims fall under a Rule of Law that was clearly established at the time his state court conviction became Final Williams-v-Taylor 120 S.ct. 1495 [2000] Strickland-v-Washington 466 U.S. 668, 104 S.ct. 2052, 80 L.ed.2d 674 (1984). 2) The Petitioner was not given an opportunity to contest the Record Relied upon the Respondent to support Summary Judgment; 3) petitioner was put in "ADMINISTRATION-SEGREGATION" 1992 and not given the same Right's as other prison inmate to seek Help from other inmates, nor to attend the Law Library Sessions; 4) Counsel For inmate [i.e. Staff Attorney's] have turn me down since 1992 to provide help or review my document's on "Plea bargain Agreement" on cause No. 90-CR-1830-E, had they at least

pg. 3

looked at the "Plea Agreement" Counsel at Trial allowed me to entered, their a probability they could of acknowledge that 'Plea Agreement' as stated could not by Laws of the United States, and acknowledge the "Requested-Appeal" on Cause No. 90-CR-1818-E was Involuntary Waived due to Counsel unprofessional Advice.

Although the portion of the 1996 Act [AEOPA] specifically is applicable to death-sentence cases, applies to cases pending on or after the date of the enactment of the act, this portion applies only if the State has established procedures to <u>Ensure the Appointment of qualified Counsel to Represent indigent petitioner in State Post Conviction proceeding</u>'s, thus, the Act is silent as to the Retroactivity of the Act in Non-Capital Cases. In <u>Rohman-v-Bell</u> 927 F. Supp. 262 (M.D. Tenn. 1996) (Portions of the 1996 Act Specifically Applicable to death sentences cases Do-Not Apply to §§2254 petitions Filed by Tennessee prisoner's since Tennessee has not established the Mechanism for Appointment of Counsel 'Required by the Act'. If the Act of (1996) Ensure the Appointment of qualified Counsel to Represent indigent petitioner in State Post Conviction proceeding. "Why than have I not been Appointed a qualified Counsel to Represent me, Even Now, that I'm doing this objection's pertaining to the Act of 1996 [AEOPA].

Petitioner object's to Memorandum and Recommendation of Magistrate, in that, cited Authority Magistrate Refer to provide:
   "A Statute of Limitation is Not tolled by Lack of Knowledge of Applicable Filing deadLines;
   "A Plaintiff unfamiliarity with the Legal process;
   "Nor the Fact that a plaintiff is Not Represented by Counsel.
However, the (1996) Act provides and ensures that qualified Counsel be Appointed, For Indigent Petitioner's.

The Supreme Court has been clear on this subject, stating that a cause of action under the Discovery Rule accures when plaintiff discovers the injury (July-August 1999;) when there has been "BREACH OF FIDUCIARY DUTY" (PLEA AND WAIVE: ENTERED "INVOLUNTARY" statute of Limitation OO-NOT begin to Run until Claimant Knew FACTS OF HIS INJURY.

### OBJECTION NO. 3

Petitioner objections to Magistrate Memorandum and Recommendation, in that, petitioner's claims are being analyed under the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"] See Williams-v-Taylor 120 S.ct. 1495 [2000] Court wrote, if today's case were governed by Federal habeas statutes prior to Congress enactment of 1996 AEDPA Justice would agree with Justice, that Williams petition of habeas corpus relief 'must' be granted, if we, in our independand judgment, were to conclude that his six (6) Amendment Right to effective counsel was violated. ... The threshold question under AEDPA is whether Williams seeks to apply a Rule of Law that was clearly established at the time his State Court conviction became final. — the question is easily answered because the merits of his claims are squarely governed by our holding in STRICKLAND-V-WASHINGTON, 466 U.S. 668, 104 S.ct. 2052, 80 L.Ed. 2d 674 (1984).

Furthermore if the Language of the Supreme Court still has some application in that [I]f the Right's to Counsel that is guaranteed by the "CONSTITUTION" is to serve its purposes, petitioner can't be left to the mercy of Incompetent Counsel McMann-v-Richardson, 397 U.S. 759, 90 S.ct. 144 (1970).

Petitioner [Trejo] is seeking to this Court, to apply the Rule of Law that was clearly established at the time his State Court Conviction became Final, [i.e. March 27-1991] in that, the merits of petitioner's claims are squarely governed by the Courts holding in Strickland-v-Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Petitioner respectfully ask this Court to allow him [Trejo] to proceed with his Federal Constitutional Claims on His Federal Application Writ Petition. And order the State Attorney General Office [i.e. Respondent's Attorney's] to answer and respond to petitioner claim of ineffective Assistance of Counsel, under the Rule of Law that was clearly established at the time his State Court Conviction became Final, in that the merits of my claims are squarely governed by Courts holding of Strickland-v-Washington, Supra.

### PRAYER

Therefore, premises considered, Petitioner respectfully ask this Court 'NOT to ADOPT' Magistrate Memorandum and Recommendation, and Order the Respondent to answer and respond to Allegations Claims in Federal-Petition.

May the Lord Jesus Christ guide your Heart to enter a Righteous Ruling.

submitted by

Jose Manuel Trejo

Jose Manuel Trejo #588932
R+1 Box 500
Teague City Texas 75860

# CERTIFICATE OF SERVICE

I, Jose Manuel Trejo, petitioner, do hereby certify that a true and correct copy of the above and foregoing "OBJECTION'S" have been served by placing same in the UNITED STATES MAIL, postage prepaid, on this 6 day of August 2000.

Addressed To: Assistant Att. General
Mr Edwin Sullian
P.O. Box 12548 Capitol Station
Austin, Texas 78711-2548

submitted by
*Jose Manuel Trejo*
Jose Manuel Trejo
Rt 2, Box 500
Teague City, Texas 75860

pg. 7.

# AFFIDAVIT

I JOSE M. TREJO #588932 do hereby SWEAR AND CERTIFY that this STATEMENTS OR TRUE AND CORRECT.

1) SINCE 1992 I had ASK "STATE ATTORNEY" for INMATE" to REVIEW my CASE FOR POSSIBLE ERROR'S I WAS TURN-DOWN;

2) I got put in "ADMINISTRATION SEGREGATION" on DECEMBER 9, SINCE that TIME I have NOT been ABLE to ASK for Help from other INMATE'S [i.e. who know the Law] in that, I WAS cut-OFF with Communication with GENERAL Population; AND in ADMINISTRATION-SEGREGATION people will NOT Help you, they want to HARM people

3) I just WAS RELEASE my "ADMINISTRATION SEGREGATION" ON JANUARY 12-2000;

4) BEFORE my RELEASE I WAS ADVICE by A PERSON that my GUILTY PLEA AGREEMENT WAS VOID; AND that my APPEAL WAS NOT-Voluntary WAIVE; this WAS on July-August 1999.

SO AS SOON AS I DISCOVER the injury, I filed to STATE COURTS on October 26-1999; AND filed to FEDERAL COURT'S on JANUARY 8-1999 this WAS ALL WITHIN the YEAR SINCE I ACKNOWLEDGE AND DISCOVERY of the injury.

5) In "ADMINISTRATION SEGREGATION" I WAS NOT Allowed to go to LAW-LIBRARY to ASK FOR Help OR to Do

any legal-research as other prisoner could. Sometime I did get Law-Books I request from Official's, and sometimes I didn't recieved none.

6) I swear, I did a Diligence Effort to have Staff Counsel's for Inmate's to Help, as mention before I was Turn-Down.

7) State Counselor's for Inmate work for the State of Texas, there's a "Conflict of Interest" and they don't help inmate's with their legal work, as that is the Reason they get pay for.

I Respectfully ask this Honorable Judge, Head Jr, to take this Sworn Statement into Consideration and Allow me, to proceed in Federal Court, and that the State of Texas Response and Answer my Federal Constitutional Rights Claim's.

I, Jose M Trejo, Petitioner herein, declare that I'm given this Statements Freely and Voluntary and they are True and Correct, pursuant to § 132.001 - 132.003, Texas Civil Practice & Remedies Code, on this the 6 day of August 2000.

Submitted by,
*Jose Manuel Trejo*
JOSE MANUEL TREJO