Case 2:00-cv-00013   Document 15   Filed in TXSD on 03/02/2001   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE MANUEL TREJO | § | |
| | § | 15. |
| VS. | § | CIVIL ACTION NO. C-00-13 |
| | § | |
| GARY L. JOHNSON, DIRECTOR | § | |
| TDCJ-ID | § | |

### ORDER GRANTING GARY L. JOHNSON'S
### MOTION TO DISMISS

Petitioner is an inmate in the Texas Department of Criminal Justice–Institutional Division and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se* and *in forma pauperis*, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. §§ 2241 and 2254 on January 8, 2000. Respondent filed a motion to dismiss plaintiff's claims as time-barred. Both parties were sent notice that the motion to dismiss would be treated as a motion for summary judgment on the issue of limitations. The Magistrate Judge found that petitioner's claims were time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and recommended that respondent's motion for summary judgment be granted. Petitioner timely filed objections. For the following reasons, this Court finds that petitioner's objections are without merit and adopts the findings and conclusions of the Magistrate Judge.

Petitioner's first objection concerns the respondent's failure to mail copies of the state court habeas corpus record to him pursuant to the Magistrate Judge's court order. Petitioner asserts that he was not given an opportunity to contest the state record. Since

the habeas corpus petition is time-barred, the respondent's failure to comply with a court order mandating the delivery of state records is inconsequential. Therefore, this objection does not alter the validity of the Magistrate Judge's findings.

In petitioner's second objection, he claims that the statute of limitations should have been tolled for a number of reasons. First, he did not learn that a plea bargain in which he relinquished the right to appeal his conviction was void until after the statute of limitations had run. Second, he spent time in administrative segregation where he had no access to legal help or materials. Finally, he was denied the assistance of qualified counsel during his preparation for the habeas corpus proceedings.

Petitioner is not entitled to equitable tolling for any of these reasons. Equitable tolling is justified only in rare and exceptional circumstances. *Fisher v. Johnson*, 174 F.3d 710. 714 (5th Cir.1999). First, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Id.* Therefore, petitioner's claim that he was unaware of the legal problems with his plea bargain is without merit. Second, in *Fisher v. Johnson*, the Fifth Circuit held that a brief period of incapacity[1] during a one-year statute of limitations would not necessarily warrant equitable tolling unless it occurred shortly before the statute ran. *Fisher v. Johnson*, 174 F.3d at 715. Petitioner was placed in administrative segregation in 1992, and the statute of limitations ran in 1997. Despite his time in administrative segregation, petitioner had ample opportunity to

---

[1] In Fisher's case, he was placed in a special unit for psychiatric evaluation where he was physically unable to work on his habeas corpus petition. *Fisher v. Johnson*, 174 F.3d at 714.

proceed with a writ of habeas corpus before the statute of limitations ran. Consequently, this period of incapacity does not warrant equitable tolling. Finally, prisoners have no constitutional right to counsel in habeas proceedings. *Murray v. Giarratano*, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989). Therefore, petitioner's request for equitable tolling due to his lack of qualified counsel cannot be granted.

In petitioner's third objection, he argues the merits of his ineffective assistance of counsel claim. Again, because his habeas corpus petition is time-barred, these arguments are inconsequential.

Accordingly, respondent's motion to dismiss is GRANTED, and petitioner's application for writ of habeas corpus is DISMISSED with prejudice as time-barred.

ORDERED this __2__ day of __March__, 2001.

_____
H. W. HEAD, JR.
UNITED STATES DISTRICT JUDGE